*T. M. Badson,* for the respondent.

========

FREDERICK W. DALLINGER, administrator, *vs.* LIZZIE MORSE.

Suffolk.    March 7, 1911. — April 4, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Probate Court. Executor and Administrator. Statute,* Construction. *Words,* "Undistributed."

The strict rules of common law pleading usually are not applied to proceedings in the Probate Court.

R. L. c. 137, § 4, is as follows: "If administration has not been taken on the estate of a testator or intestate within twenty years after his decease, and any property

or claim or right thereto remains undistributed or thereafter accrues to such estate and remains to be administered, original administration may for cause be granted, but such administration shall affect no other property." *Held*, that under this statute property of an intestate which "remains undistributed" is property which actually has not been distributed among the persons entitled to it as next of kin, and includes a dividend from the receiver of a savings bank, in which the intestate had a deposit, which has been paid to the treasurer of the Commonwealth as due on the deposit of the intestate nearly thirty years after the death of the intestate, when no administration of his estate ever has been applied for or issued ; and in such a case administration may be granted under the statute quoted above.

Where the Probate Court has power to appoint an administrator and makes such an appointment, but the person appointed resigns without performing his duties although there is property of the estate of his intestate to be administered, it necessarily follows that the Probate Court has jurisdiction to appoint an administrator *de bonis non.*

The validity of the appointment of an administrator by the Probate Court, where the court had jurisdiction to make the appointment, cannot be questioned in an action brought by the administrator to recover money in the hands of the defendant alleged to belong to the estate of the plaintiff's intestate.

CONTRACT by the alleged administrator *de bonis non* of the estate of Nellie E. Morse, otherwise known as Nellie Morse, against Lizzie Morse, otherwise known as Lizzie H. Morse, for $996.83 with interest thereon from October 11, 1906. Writ dated June 2, 1908.

The declaration alleged that by a decree of the Probate Court for the county of Middlesex made on May 21, 1908, the plaintiff was appointed administrator of the goods not already administered of Nellie E. Morse, otherwise known as Nellie Morse, late of Natick, by virtue of which the plaintiff became entitled to the personal estate of the late Nellie E. Morse; that the defendant on or about October 1, 1906, obtained from the treasurer and receiver general of the Commonwealth a check or order for the sum of $996.83 payable to the estate of Nellie Morse; that the defendant falsely and without authority or right indorsed this check or order as follows : " Estate of Nellie Morse, by Lizzie Morse, Executrix," and deposited it to the defendant's own credit in the Suffolk Savings Bank for Seamen and Others ; wherefore, it was alleged, the defendant owed the plaintiff the sum of $996.83 with interest from the day of deposit, October 11, 1906, as money had and received by the defendant to the plaintiff's use as administrator *de bonis non.*

In the Superior Court the case was submitted to *Ray-*

*mond*, J., without a jury, upon the following agreed statement of facts:

The plaintiff alleged himself to be the administrator *de bonis non* of the estate of one Nellie E. Morse late of Natick in the County of Middlesex, deceased. Nellie E. Morse died at Natick on June 10, 1874, intestate, at the age of nineteen years, leaving no husband and as her only heirs at law and next of kin a father and mother.

During the lifetime of Nellie E. Morse her father had deposited in her name in the Framingham Savings Bank a sum of money. This deposit remained in that bank until March 8, 1898, when the bank went into the hands of a receiver. On January 2, 1904, the receivers of the Framingham Savings Bank paid to the treasurer and receiver general of the Commonwealth the sum of $996.83, the amount then due on the deposit of Nellie E. Morse. At the time of her death Nellie E. Morse had never been married, owed no debts, and was possessed of no real estate. No administration was applied for on her estate until May, 1906. On May 17, 1906, one Nutt of Natick petitioned the Probate Court for the county of Middlesex to be appointed administrator of the estate of Nellie E. Morse, and by a decree of that court dated September 10, 1906, he was appointed such administrator. Nutt as administrator caused no appraisal of the estate to be made and resigned before filing any account. Upon the resignation of Nutt the plaintiff was appointed by the Probate Court for the county of Middlesex administrator *de bonis non* of the estate of Nellie E. Morse, the decree appointing him being dated May 21, 1908.

If upon the facts set forth administration was legally granted upon the petition of Nutt and upon the petition on which the plaintiff was appointed, judgment was to be entered for the plaintiff in the sum of $996.83, now in the hands of the Suffolk Savings Bank for Seamen and Others, and accrued interest thereon to be computed from the date of deposit in that bank by the defendant on October 11, 1906; otherwise, judgment was to be entered for the defendant.

The judge found for the plaintiff in the sum of $1,140; and ordered judgment accordingly. From the judgment entered pursuant to this order the defendant appealed.

The case was submitted on briefs.

*J. P. Dexter*, for the defendant.

*F. W. Dallinger & T. W. Cunningham*, for the plaintiff.

SHELDON, J. The fundamental question in this case is as to the jurisdiction of the Probate Court to grant in 1906 original administration upon the estate of Nellie E. Morse, who had died in 1874. R. L. c. 137, § 3. It is provided by § 4 of the chapter just cited that " if administration has not been taken on the estate of a testator or intestate within twenty years after his decease, and any property or claim or right thereto remains undistributed or thereafter accrues to such estate and remains to be administered, original administration may for cause be granted, but such administration shall affect no other property." Nutt's petition for the grant of administration averred that there were funds in the hands of the State treasurer amounting to about $1,000 which remained to be administered, and which the State auditor was unwilling to pay to any one but an administrator ; and this must now be taken to have been proved in the Probate Court. The averment of the petition, though not in the precise statutory form, was fully equivalent thereto ; for money in the hands of the State officials could not have been distributed within the meaning of the statute. The strict rules of common law pleading are not usually applied to proceedings in the probate courts. *Codwise* v. *Livermore*, 194 Mass. 445.

The defendant contends that the word " undistributed " means only undistributed by an administrator. But that is limiting too narrowly the language of the Legislature. They have given the power to grant administration in all cases where property of an intestate " remains undistributed," that is, has not been actually divided among and put into the control of the persons entitled as next of kin. The limitation contended for would prevent the distribution of the personal property in a case like the present one, or in any case in which, as sometimes has been done, the next of kin have amicably divided among themselves all the known property of an intestate without the formality of an administration, and after the lapse of more than twenty years it is discovered that personal property to a considerable amount has been overlooked and " remains undistributed."

We think it plain that the Probate Court had jurisdiction to

make the appointment in 1906.    Accordingly it had jurisdiction, upon the death of the original administrator without having administered upon this fund, to appoint the plaintiff to be administrator *de bonis non.*    *Bancroft* v. *Andrews*, 6 Cush. 493, 495.

As there was jurisdiction to make these appointments, their validity is not open to collateral attack in this action.    *McCooey* v. *New York, New Haven, & Hartford Railroad*, 182 Mass. 205. *Tobin* v. *Larkin*, 187 Mass. 279.    *Connors* v. *Cunard Steamship Co.* 204 Mass. 310.    And if this were not so, we see no reason to doubt that the action of the Probate Court in making these appointments was properly taken and was correct.

The judgment for the plaintiff must be affirmed.

*So ordered.*