FRANK W. MORRISON, administrator, *vs.* JOHN D. HASS.

SAME *vs.* ALMA M. HASS.

SAME *vs.* CHARLES A. FLAMMER.

Norfolk.    January 9, 10, 1918. — February 28, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Conflict of Laws. Comity. Executor and Administrator. Conversion. Jurisdiction,* Of court of other State. *Evidence,* Presumptions and burden of proof. *Judgment,* Of court of other State.

A testatrix died, having her domicil in this Commonwealth and leaving property both in this Commonwealth and in the State of New York. Her will was not offered for probate in this Commonwealth, but was proved in a Surrogate's Court in the State of New York and her son was appointed by that court the executor of her will. Thereafter the Probate Court for the county of this Com-

monwealth in which the testatrix was domiciled at the time of her death, upon a petition filed by the Tax Commissioner, appointed a certain person the administrator of her estate, and that person brought actions of tort for alleged conversion of personal property belonging to her estate against the executor appointed in New York and against one who had received as legatee certain personal property in this Commonwealth from or by authority of such New York executor. It was agreed that the plaintiff knew of no unpaid debts of the testatrix either at the time of his appointment or when the actions were brought, unless any inheritance taxes that might be assessed could be considered debts. No statutes of the State of New York as to the jurisdiction of the Surrogate's Court were put in evidence and there was nothing to show the ground on which the New York court deemed it necessary or advisable to permit the proof of the will in that State before it had been presented for proof in this Commonwealth. *Held*, that under these circumstances it must be assumed that the Surrogate's Court found such facts to exist as authorized it under the law of New York to allow original proof of the will, and that as a matter of comity the judgment of that court must be recognized as conclusive, and accordingly that the actions for alleged conversions could not be maintained.

In the case above described it was *pointed out* that St. 1909, c. 527, § 7, amending St. 1907, c. 563, § 16, and relating wholly to taxes on legacies and successions, had no application.

In the same case it was *said* that, there having been no contention that R. L. c. 148, § 3, was applicable, it was not necessary to consider the construction of that statute.

THREE ACTIONS OF TORT, by the administrator appointed in this Commonwealth of the estate of Mary D. Hass, late of the town of West Stockbridge, for the alleged conversion of personal property belonging to the plaintiff as the administrator of that estate. Writs dated September 6, 1916.

In the Superior Court the cases were heard together by *Wait*, J., upon an agreed statement of facts, containing the facts that are stated in the opinion. In each of the cases the judge ruled that the plaintiff could not recover and found for the defendants. The plaintiff alleged exceptions.

*F. W. Morrison,* (*A. E. Seagrave* with him,) for the plaintiff.

*E. B. Chapin,* for the defendants.

DE COURCY, J. Mary D. Hass died on September 22, 1910; the defendants John D. Hass and Alma M. Hass are her children and the sole beneficiaries under her will. She was a resident of West Stockbridge in this Commonwealth and owned property in New York and in Massachusetts. A large portion of her estate consisted of her interest under the will of her husband, John D. Hass, senior, which had been proved in New York State; and she,

as executrix, was carrying out the administration of his estate at the time of her death.

The original will of Mrs. Hass was filed and admitted to probate in the Surrogate's Court for the County and State of New York, and letters testamentary were issued to said John D. Hass, he being the only one of the executors named in the will to qualify. He proceeded with the settlement of her estate, took possession of all her personal property, including her interest in the estate of her husband, (having completed the administration of that estate,) and including also the personal estate in this Commonwealth, and filed an inventory in the Surrogate's Court. Before April 1, 1911, he had paid all known debts of the testatrix, and the expenses of administration and had distributed the estate in accordance with the terms of her will. At that time he also, as administrator with the will annexed, had distributed the personal estate of John D. Hass, senior.

On November 30, 1914, the Probate Court of Berkshire County appointed the plaintiff, Frank W. Morrison, administrator of the estate of Mary D. Hass on a petition filed in March, 1912, by the Tax Commissioner. The plaintiff, on February 3, 1915, made a demand on each of the defendants that he (or she) "deliver up to the plaintiff as administrator all of the property of Mary D. Haas to which the plaintiff was entitled and which was in their possession."

In addition to the foregoing facts, it is agreed that the plaintiff knew of no unpaid debts of Mary D. Hass at the date of his appointment or when this action was brought, unless any inheritance taxes that might be assessed could be considered debts. See *Boston* v. *Turner*, 201 Mass. 190. An inventory of the estate was filed with the Tax Commissioner by the defendant John D. Hass on May 12, 1915, and the commissioner fixed a valuation on the estate in accordance with the statutes; but the defendant Hass has never received any valuation from the commissioner and no tax has been assessed thereon. No bill for a Massachusetts inheritance tax has been rendered to any of the defendants.

These actions were brought by the plaintiff as administrator of the estate of Mary D. Hass to recover for the alleged conversion of certain personal property that was owned by her. In the case of John D. Hass the acts relied on are his taking possession and control of the property, already referred to, as executor under

the will of his mother and as administrator with the will annexed of the estate of his father. The defendant Alma M. Hass is charged with conversion, because, with the authority of said executor, she removed certain household furniture and other personal property to New York and received payments of income from her mother's estate, paid by John D. Hass as executor or trustee of her mother's will proved in New York. The alleged conversion by the defendant Flammer consists of his possession, during the summer of 1914, of a key to a New York safe deposit vault containing securities belonging to Mary D. Hass. He never used the key to open the vault and it does not appear that he had possession of it at the time of the demand. He also turned over to John D. Hass as executor certain interest received by him on a mortgage owned by Mary D. Hass at the time of her death.

The three cases were tried together in the Superior Court on an agreed statement of facts. The judge refused to give any of the numerous rulings requested by the plaintiff, and found for the defendants; and the cases are here on the plaintiff's exceptions. A single bill of exceptions is used, as the same questions of law are involved in all the cases.

In view of the agreed fact that Mary D. Hass died domiciled in West Stockbridge in this Commonwealth, the primary proof of her will presumably should have been in our county of Berkshire. But the Surrogate's Court of New York also had jurisdiction to admit her will to probate, as she owned bonds of New York corporations, a New York mortgage bond and an interest in her husband's real estate in New York. *Crippen* v. *Dexter*, 13 Gray, 330. *Rackemann* v. *Taylor*, 204 Mass. 394, 402. The record does not disclose the statutory provisions of New York applicable to the jurisidiction of its courts of probate; and, as the statutes and decisions of that State were not put in evidence, they cannot be considered by us under the general stipulation in the agreed statement of facts. *Electric Welding Co. Ltd.* v. *Prince*, 200 Mass. 386. *Russell* v. *Joys*, 227 Mass. 263. We have no means of knowing the ground on which the New York court deemed it necessary or advisable to entertain a petition for proof of the will before it was considered in this Commonwealth, as the decree of that court and the petition on which it was granted are not before us. In these circumstances we must assume that the Surrogate's Court

found such facts to exist as authorized it under the law of New York to allow original proof of the will; and as matter of comity we must recognize the judgment of that court as conclusive. *Crippen* v. *Dexter, ubi supra.*

The defendant John D. Hass as executor clearly had a right to hold and administer the property of his mother which was in New York at the time of her death as within the jurisdiction of the New York administration. See *Lockwood* v. *United States Steel Corp.* 209 N. Y. 375; *Matter of Accounting of Hughes,* 95 N. Y. 55. And, at common law at least, he could take possession of the goods or credits of the estate in this State with the consent of the party having possession, provided he did not have to invoke the aid of the courts of this jurisdiction, — especially as there were no local creditors of the deceased. *Hutchins* v. *State Bank,* 12 Met. 421. *Gardiner* v. *Thorndike,* 183 Mass. 81. *Wilkins* v. *Ellett,* 108 U. S. 256, 258. This common law rule is applicable in the present cases, notwithstanding St. 1909, c. 527, § 7, (amending St. 1907, c. 563, § 16,) on which the plaintiff relies in part. That is a statute dealing entirely with inheritance taxes. It provides in substance (§ 7) that any person who delivers assets belonging to the estate of a non-resident decedent before all taxes imposed thereon by the provisions of the act have been paid or secured shall be liable to such tax. This statute cannot avail the plaintiff in these actions, for the reason, among others, that the liability created by the act can be enforced only in an action of contract brought by the Treasurer and Receiver General. As the plaintiff has not contended that R. L. c. 148, § 3, is applicable we do not deem it necessary to consider the construction of that act. See *Gardiner* v. *Thorndike,* 183 Mass. 81, 85.

It follows from what we have said that the defendants are not liable in actions of conversion to the plaintiff for property taken by or under the authority of the New York executor, and paid over to the persons legally entitled thereto after the payment of debts. The question of the liability of the defendant John D. Hass for the inheritance taxes is not involved in these actions. The conclusion reached renders it unnecessary to consider in detail the plaintiff's numerous requests for rulings. In each case the entry must be

*Exceptions overruled.*