Thomas McCarron, administrator, *vs.* New York Central Railroad Company.

Suffolk.    March 21, 29, 1921. — May 28, 1921.

Present: Rugg, C. J., Braley, De Courcy, Pierce, & Carroll, JJ.

*Federal Employers' Liability Act. Executor and Administrator. Jurisdiction. Evidence, Presumptions and burden of proof. Conflict of Laws. Judgment. Release.*

Within two months after the death in the State of New York of an employee of a railroad company engaged in interstate commerce, one who was not next of kin of the decedent petitioned the Surrogate's Court in that State for appointment as administrator and the petition was granted by a decree reciting that the decedent " left no estate except an alleged cause of action against the . . . [rail-

road company] for injuries resulting in his death," that "no heirs at law or next of kin of said decedent can be found after a thorough, diligent search," and that the administrator was the only known creditor and was the undertaker who buried the decedent. All requirements of the New York statutes relative to notice were complied with. The next day after his appointment, the administrator executed and delivered to the railroad company a release of all claims in consideration of $160. A month later an administrator was appointed in Massachusetts, who brought an action against the railroad company under the federal employers' liability act for the benefit of the decedent's mother. The defendant set up the release in bar. *Held,* that

(1) Under §§ 2515, 2517, 2589 of the New York Code of Civil Procedure, the cause of action which arose by reason of the death of the employee was an asset sufficient to give jurisdiction to the Surrogate's Court in the county in which the accident occurred;

(2) In view of the facts above recited and the presumption that the Surrogate's Court found such facts to exist as authorized it under the laws of New York to appoint an administrator, it could not be said that its decree was invalid for want of jurisdiction;

(3) While ordinarily primary administration should be granted in the State of the intestate's domicil, it cannot be said that the courts of another State, having jurisdiction, must necessarily wait for proceedings to be brought in the domiciliary State, especially where the only assets in either State are a right of action for death under the federal statute;

(4) The Surrogate's Court having had jurisdiction, its decree appointing an administrator, until revoked, could not be attacked collaterally and set aside because of the failure to give notice of the application to persons outside of the State whose right to the letters of administration might be superior to that of the applicant;

(5) The New York administrator had a legal right and authority to compromise the claim against the defendant and to release it from liability.

TORT by the administrator, appointed by the Probate Court for the county of Suffolk, of the estate of Patrick McCarron, late of Boston, seeking recovery for the death of the decedent under the federal employers' liability act, 35 U. S. Sts. at Large, 65, as amended by 36 U. S. Sts. at Large, 291.* Writ dated November 16, 1917.

In the Superior Court, the action was tried before *White,* J. The defendant relied upon a release by an administrator appointed by decree of the Surrogate's Court for the county of Onondaga in the State of New York, in the circumstances described in the opinion.

In the petition and decree in the Surrogate's Court and in the release the decedent was described as Patrick McCarthy. Upon

* This statute in the amended form is published in *Corbett* v. *Boston & Maine Railroad,* 219 Mass. 351, at pages 352, 355.

this matter, the record states: "The parties agreed that the use of the name Patrick McCarthy in said release and in said record of the Surrogate's Court was an error arising from the fact that Patrick McCarron while employed by the defendant was known as Patrick McCarthy and appeared under that name on the pay rolls of the defendant, and that said Patrick McCarron was in fact the person referred to as Patrick McCarthy in all said papers."

Material evidence is described in the opinion. By agreement of and at the request of the parties, the judge reported the case for consideration and determination by this court without making any decision thereon. "If upon the foregoing facts, the jury would be warranted in finding or the court in ruling that the Surrogate's Court in New York was without jurisdiction to appoint said Milton D. Coe administrator of the estate of the said Patrick McCarron in the absence of actual notice of the proceedings to said Bridget McCarron or Thomas McCarron, and that said appointment was therefore void, or if upon the foregoing facts the said administrator was without authority to compromise the claim for damages for the death of said Patrick McCarron, and to execute said release, then judgment is to be entered for the plaintiff for $1,000 without costs; otherwise, judgment is to be entered for the defendant."

*L. A. Mayberry,* (*W. F. Levis* with him,) for the defendant.

*W. J. Patron,* for the plaintiff.

De Courcy, J. This is an action of tort, brought under the federal employers' liability act, to recover damages for the death of Patrick McCarron, sometimes called Patrick McCarthy, who was a laborer in the employ of the defendant. On April 6, 1917, while working on the repair of the main line tracks at Kirkville in the county of Onondaga, State of New York, he was run over and killed by a train. He was a naturalized citizen of the United States, was domiciled in Boston in this Commonwealth, and had worked in and around Boston for about twenty-two years previous to his death, with the exception of the two or three months during which he was working for the defendant in New York State.

The plaintiff, brother of the deceased, was appointed administrator of his estate by the Probate Court for our county of Suffolk

on July 26, 1917; and thereafter brought this action for the benefit of the mother. When the case came on for trial it appeared that one Milton D. Coe, of said Kirkville, on May 21, 1917, had been appointed administrator of the said estate of Patrick McCarron (under the name McCarthy) by the Surrogate's Court for the county of Onondaga, New York; and that on the twenty-second of May he executed a release to the defendant, in consideration of $160. It is stated in the decree appointing Coe that it was proved to the satisfaction of the surrogate that the deceased was a resident of Boston; that he "left no estate except an alleged cause of action against the New York Central Railroad for injuries resulting in his death;" that "no heirs at law or next of kin of said decedent can be found after a thorough, diligent search," and that said Coe is the only known creditor, and is the undertaker who buried the decedent.

1. Assuming, without deciding, that said appointment of Coe can be assailed collaterally in this action, see *Taylor* v. *Badger*, 226 Mass. 258, the fundamental question raised by the report is whether the Surrogate's Court had jurisdiction to appoint an administrator of the estate of Patrick McCarron. Certain New York statutes and decisions were introduced in evidence. The New York Code of Civil Procedure provides (§ 2515) that the Surrogate's Court for each county has jurisdiction to grant letters of administration "2. Where the decedent, not being a resident of the State, died within that county, leaving personal property within the State, or leaving personal property which has, since his death, come into the State, and remains unadministered." By § 2517, "For the purpose of conferring jurisdiction upon a surrogate's court, a debt owing to a decedent by a resident of the State is regarded as personal property situated within the county where the debtor . . . resides." And by § 2589, "A creditor, or person interested in the estate of an intestate, or interested in an action brought or about to be brought in which the intestate, if living, would be a proper party, may present to the Surrogate's Court having jurisdiction, a petition, praying for a decree awarding letters of administration, either to him, or to another person." The question narrows to whether the cause of action which accrued by reason of the death of McCarron was an asset sufficient to give jurisdiction to the Surrogate's Court in the

county in which the accident occurred.  In *Lang v. Houston, West Street & Pavonia Ferry Railroad*, 27 N. Y. Supp. 90 (affirmed in 144 N. Y. 717), the decedent was a resident of Pennsylvania. An ancillary executor appointed in New York was allowed to sue for the death of the decedent, under a statute giving a right of action only to " the executor or administrator of a decedent." In *De Valle Da Costa* v. *Southern Pacific Co.* 160 Fed. Rep. 216, an action for wrongful death of the intestate, occurring on a vessel owned by a Kentucky corporation while lying in a harbor in Texas, it was agreed that if the right of action was assets sufficient to give jurisdiction to the Probate Court to bind an administrator appointed in Massachusetts, although the decedent was not a resident and had no property here, the plea in abatement should be overruled.  The court decided that such a cause of action warranted the appointment of an administrator in any jurisdiction wherein the defendant may be sued.  *Hartford & New Haven Railroad* v. *Andrews*, 36 Conn. 213, was a petition to enjoin the prosecution of an action for the death of one Andrews, a resident of Maine, who was killed in Connecticut.  It was held that the claim which the administrator had against the railroad company was property within the meaning of the statute, and sufficient to entitle him to ancillary administration in Connecticut.  In *Hutchins* v. *St. Paul, Minnesota & Manitoba Railway*, 44 Minn. 5, it was held that the Probate Court of Hennepin County, Minnesota, had jurisdiction to direct administration for the purpose of enforcing a cause of action arising under the statutes of that State for the death of a person caused by the wrongful act or omission of another, although the deceased was not an inhabitant of that State, and left no property therein.  That a chose in action, similar to the one in question, is sufficient assets to give the Probate Court jurisdiction to appoint an administrator, see also *Emery* v. *Hildreth*, 2 Gray, 228, 230; *Higgins* v. *Central New England & Western Railroad*, 155 Mass. 176; *Sargent* v. *Sargent*, 168 Mass. 420; *Beers* v. *Shannon*, 73 N. Y. 292; *New England Mutual Life Ins. Co.* v. *Woodworth*, 111 U. S. 138, 144; *Dennick* v. *Railroad Co.* 103 U. S. 11.  No authority to the contrary has been called to our attention.  In view of the facts disclosed by this record and the presumption that the Surrogate's Court found such facts to exist as authorized it under the laws of New York

to appoint an administrator, we cannot say that the appointment of Coe was invalid for want of jurisdiction.

While ordinarily primary administration should be granted in the State of the intestate's domicil, it cannot be said that the courts of another State, having jurisdiction, must necessarily wait for proceedings to be brought in the domiciliary state, — especially where the only assets in either State are a right of action for death under the federal act. See *Rackemann* v. *Taylor,* 204 Mass. 394.

2. As the Surrogate's Court had jurisdiction to grant the letters of administration, so long as that appointment remains unrevoked it cannot be collaterally attacked and set aside because of the failure to give notice of the application to persons outside of the State, whose right to the letters of administration might be superior to that of the applicant. Such irregularity in the proceedings does not affect the jurisdiction of the court. *Crippen* v. *Dexter,* 13 Gray, 330. *Bassett* v. *Crafts,* 129 Mass. 513. *McKim* v. *Doane,* 137 Mass. 195. *Taylor* v. *Badger, supra. Morrison* v. *Hass,* 229 Mass. 514. Whether it would be sufficient ground for the revocation of the appointment in a proceeding instituted for that purpose is a question not before us. See *Matter of Page,* 107 N. Y. 266; *Matter of Campbell,* 192 N. Y. 312, 318; *In re Warthling's Estate,* 169 N. Y. Supp. 877. It ought to be added, that apparently all the requirements of the statutes relative to notice were complied with. The New York Code of Civil Procedure, § 2590, provides: "Every person, being a resident of the State and competent, who has a right to administration prior or equal to that of the petitioner and who has not renounced, must be cited upon a petition for letters of administration; . . . The surrogate may, in his discretion, issue a citation to non-residents." . . .

3. The administrator appointed in New York had a legal right to bring action in that State under the federal employers' liability act. *Walsh* v. *Boston & Maine Railroad,* 201 Mass. 527. *Hanlon* v. *Frederick Leyland & Co. Ltd.* 223 Mass. 438. *Dennick* v. *Railroad Co.* 103 U. S. 11, 19, 20. *Anderson* v. *Louisville & Nashville Railroad,* 210 Fed. Rep. 689. *Southern Pacific Co.* v. *De Valle Da Costa,* 190 Fed. Rep. 689. And he had authority to compromise the claim. As was said by Cullen, C. J., in *Scully* v. *McGrath,*

201 N. Y. 61, 64, " An executor or administrator has the power to settle or compromise claims for or against the estate . . . and a settlement made by him can be set aside only upon proof of bad faith or fraud." See also *Matter of Gilman*, 92 App. Div. (N. Y.) 462 (affirmed 178 N. Y. 606); *Chadbourn* v. *Chadbourn*, 9 Allen, 173; *Parker* v. *Providence & Stonington Steamboat Co.* 17 R. I. 376; *Washington* v. *Louisville & Nasvhille Railway*, 136 Ill. 49; *Treadway* v. *St. Louis, Iron Mountain & Southern Railway*, 127 Ark. 211.

4. The plaintiff has not argued that the misnomer of the decedent in the proceedings in the Surrogate's Court affects the jurisdiction of that court. *Harding* v. *Brown*, 227 Mass. 77. *Young* v. *Jewell*, 201 Mass. 385.

In accordance with the terms of the report the entry must be

*Judgment for the defendant.*