HARRIETT R. OTT *vs.* THOMAS W. HOGAN & another.

Middlesex.    January 21, 1926. — January 26, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court*, Jurisdiction, Decree, Appeal.    *Land Court.    Judgment.*

The Probate Court being a court of superior and general jurisdiction, a
final decree, which was entered after a rescript from this court dis-
missing without prejudice an appeal by certain respondents from a
former decree giving an administrator authority to sell real estate of the
intestate for the payment of debts and charges, and which affirmed a
former decree, was within its jurisdiction and could not be attacked
collaterally at the hearing in the Land Court of a petition for the
registration of the title to land in the name of a grantee of one to whom
the administrator had conveyed the land under such second decree of
the Probate Court.

Where, from the record before this court on exceptions saved by
respondents at the hearing of a petition in the Land Court for the
registration of the title to certain real estate, it appears that the case
was treated as open for full hearing in the Land Court on all relevant
evidence, the mere circumstance, that it is recited in the exceptions that
"Upon the motion of the petitioner, the case was set down for a hearing
upon the respondents' answers," did not give foundation to arguments,
founded on strict equity practice, that the averments and allegations
in the answers and the facts, well pleaded therein, must be deemed to
be admitted and be taken as true.

PETITION, filed in the Land Court on March 23, 1925, for
the registration of the title to land on Concord Avenue in
Cambridge.

There was a hearing before *Davis*, J.    Material facts found
by the judge are described in the opinion.    The judge ordered
the entry of a decree granting the petition, and the re-
spondents alleged exceptions.

In this court, one contention of the respondents was that,
since the bill of exceptions recited, "Upon the motion of the
petitioner, the case was set down for a hearing upon the
respondents' answers," "the averments and allegations in
said answers and the facts, well pleaded therein, must be
deemed to be admitted and to be taken as true."

*C. G. Morgan*, for the respondents.
*G. S. Ryan*, for the petitioner.

RUGG, C.J.   This is a petition to register title to real estate.   The material facts are, that one Pyle died seised of the locus in June, 1923.   The respondents, husband and wife, claim ownership of the locus under an alleged agreement with Pyle to take and hold title and subsequently convey the same to the respondent Mary C. Hogan as joint owner.   A license was granted to the administratrix of Pyle's estate on July 3, 1923, to sell the premises for a stated sum for the payment of debts and charges.   The administratrix, on or about July 16, 1923, pursuant to the license deeded the locus to Dora and Florence Ratner.   On July 21, 1923, the respondent Mary C. Hogan, alleging herself to be creditor and joint owner with Pyle, filed in the Probate Court a petition in equity setting forth her claim of title to the locus and praying revocation of the license and injunction against sale, and she also appealed from the decree granting license to sell.

Respecting that appeal a rescript was received from the Supreme Judicial Court on November 19, 1923, to the effect that the appeal was discharged without prejudice.   Prior to the coming down of that rescript, Dora and Florence Ratner brought an action of ejectment against the respondent Thomas W. Hogan for recovery of possession of the locus, basing their right to possession upon the deed of July 16, 1923, from the administratrix of the estate of Pyle. That action came to the Supreme Judicial Court, where it was held that title under the deed of the administratrix was invalid because the appeal from the decree granting license to sell stayed that decree and invalidated all action under it until affirmed.   *Ratner* v. *Hogan*, 251 Mass. 163.   On August 5, 1924, the administratrix of Pyle, without publication or notice to the respondents, filed her final account of administration and it was allowed in the Probate Court. On February 6, 1925, without publication or notice to the respondents, the Probate Court entered a decree affirming its decree of July 3, 1923, authorizing the administratrix of Pyle to sell the locus.   On February 11, 1925, the administratrix gave a new deed to the Ratners under the authority of the decrees of the Probate Court.   The Ratners conveyed the locus to the petitioner by deed dated February 17, 1925.

At the trial in the Land Court, the respondents contended that their petition in equity and appeal to the Supreme Judicial Court were still in force and undisposed of. The judge of the Land Court gave opportunity to the respondents to petition the Probate Court for revocation of the decree of February 6, 1925, affirming the license of the administratrix of Pyle to sell the locus, and stated that if such petition were filed before a specified date the present petition would not be heard until the determination of such petition in the Probate Court. The respondents filed no petition and proposed to take no further action, contending that the matter was still open on the record of the Probate Court. The judge of the Land Court then ruled that it was bound by the Probate Court decree and allowed the petitioner to register title. Numerous requests for rulings were presented by the respondents, in general to the effect that the petitioner had no valid title to the locus, that the decrees purporting to grant license to the administratrix of Pyle to sell the estate were invalid, and that the respondents were the owners of the locus. All these were denied, subject to exception by the respondents.

The Probate Court has original jurisdiction of petitions for license to sell real estate of a person deceased, intestate, to pay his debts, and charges of administration. Appeal to this court from a decree of a Probate Court granting such license stays the effect of such decree until that appeal is disposed of. The rescript of this court ordering that the appeal of the present respondents be dismissed without prejudice was a final disposition of the case on appeal. Jurisdiction of the whole matter thereby became revested in the Probate Court. The dismissal of the appeal was not restricted in any particular but was in general terms. It was not discharged for a particular purpose as in *Tighe* v. *Maryland Casualty Co.* 216 Mass. 459, and *Burbank* v. *Farnham,* 220 Mass. 514.

The Probate Court is now a court of superior and general jurisdiction. G. L. c. 215, § 2. The final decree of that court of February 6, 1925, affirming its earlier decree, was within its jurisdiction. It had jurisdiction of the cause and

all the parties in interest, including the present respondents, who were before it. That decree was not open to collateral attack in the Land Court. *Emery* v. *Hildreth*, 2 Gray, 228. *Taylor* v. *Badger*, 226 Mass. 258. *Renwick* v. *Macomber*, 233 Mass. 530. *McCarron* v. *New York Central Railroad*, 239 Mass. 64, 69, and cases there collected. Decisions like *Smith* v. *Rice*, 11 Mass. 507, *Peters* v. *Peters*, 8 Cush. 529, 543, and *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, are not relevant to the facts here disclosed. Irregularities in the proceedings of the Probate Court, if any, were cognizable in that court on appropriate petition. *Gallagher* v. *Sullivan*, 251 Mass. 552. But its jurisdiction was complete over the subject matter of the petition and could not be affected even by mistakes.

The case was apparently treated as open for full hearing in the Land Court on all relevant evidence. The mere circumstance that it is recited in the exceptions that "Upon the motion of the petitioner, the case was set down for a hearing upon the respondents' answers" does not give foundation to arguments founded on strict equity practice. The rule of *Perkins* v. *Nichols*, 11 Allen, 542, has no relevancy to this record.

The respondents' requests for rulings need not be examined one by one. It follows from what has been said that they were all denied rightly.

*Exceptions overruled.*