OLD COLONY TRUST COMPANY & another *vs.* CHARLES E. PORTER

(and a companion case [1]).

Suffolk.    February 10, 1949. — September 16, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Judgment. Jurisdiction*, Raising question of jurisdiction. *Marriage and Divorce*, Decree, Revocation of decree. *Probate Court*, Decree.

A stranger to a divorce proceeding wherein a decree of divorce had become absolute, whose rights under the will of a woman would be affected by revocation of the will through a marriage subsequently entered into between the woman and the libellant if the divorce and hence the marriage were valid, was not entitled to make a direct attack on the decree of divorce by a petition, filed in the divorce proceeding, for revocation of the decree on the ground that the court had no jurisdiction of that proceeding, where an adequate remedy was open to the petitioner by collateral attack on the decree in another proceeding.

In a proceeding for probate of the will of a woman who, after the making of the will, had entered into a marriage with a man divorced by a decree of a Probate Court, the proponent of the will, who, as well as persons interested thereunder, had been strangers to the divorce proceeding but would be injured through revocation of the will if the divorce and hence the marriage were valid, was entitled to attack the decree of divorce collaterally by a petition to strike out the appearance of the purported husband of the testatrix in opposition to the probate of the will and thereunder showing that the divorce court had had no jurisdiction of the divorce proceeding; it was immaterial

that the interests of the proponent and persons represented by him were not adversely affected at the time of the entry of the decree of divorce.

The mere fact that a marriage of one previously divorced in Massachusetts took place in New York would not prevent its being shown collaterally in a subsequent proceeding in Massachusetts that the decree of divorce was void for want of jurisdiction of the court granting it and that hence the marriage also was invalid.

PETITIONS, filed in the Probate Court for the county of Suffolk on November 12, 1947.

The cases were heard by *Mahoney*, J.

*N. Leonard*, (*J. T. Hayes* with him,) for Old Colony Trust Company.

*P. B. Buzzell*, (*L. M. Lombard & C. M. Ewing* with him,) for Simonds, guardian ad litem.

*E. O. Proctor*, (*E. E. Fuchs, J. M. Graham, & A. Sigel* with him,) for Charles E. Porter.

*F. T. Doyle*, (*R. S. McCabe* with him,) for Doyle, guardian ad litem.

QUA, C.J.  The first case is a petition filed in the Probate Court for the county of Suffolk on November 12, 1947, by Old Colony Trust Company describing itself as the executor and trustee named in the will of Virginia Fildes Simonds, late of Boston, and by Daniel Simonds, who purports to appear in his own name but as next friend for his minor children, not named in the petition, who are alleged to be beneficiaries under the will.  The petition bears the caption of a libel for divorce previously filed in the same Probate Court by Charles E. Porter against Gertrude E. Porter.  The petition purports to be filed in that divorce proceeding and prays that a decree for divorce which had been granted therein to Charles E. Porter against Gertrude E. Porter and which had already become absolute be vacated and set aside, and that the libel be dismissed.  The grounds of the petition are that Porter and his wife were married and lived as husband and wife in the State of New York; that Gertrude E. Porter has continued to reside there; that the libellant, Charles E. Porter, had not lived in this Commonwealth for five years last preceding the filing of the libel,

so that the Probate Court under G. L. (Ter. Ed.) c. 208, §§ 4 and 5, had no jurisdiction to grant the divorce but was induced to grant it by the fraud of Charles E. Porter in misrepresenting the facts as to his residence; that after the purported granting of the divorce Charles E. Porter married Virginia Fildes Simonds; that this marriage depends for its validity upon the purported divorce; that if the marriage was valid it would have the effect under G. L. (Ter. Ed.) c. 191, § 9, of revoking the will of Virginia Fildes Simonds; and that if the decree of divorce is not vacated, Porter's fraud upon the court will adversely affect the interests of the petitioners under the will.

The judge sustained a demurrer to the petition, refused to allow an amendment which would not have changed its essential nature, and dismissed the petition. The case is here on appeal from these decrees. From a suggestion of death on file it appears that Gertrude E. Porter died on the same day on which the demurrer was sustained.

The second case is a petition filed in the same Probate Court, also on November 12, 1947, by Old Colony Trust Company for proof and allowance of the alleged will of Virginia Fildes Simonds. In this proceeding Old Colony Trust Company filed on March 5, 1948, a petition to strike out the appearance of Charles E. Porter in opposition to the allowance of the will on the ground that the marriage between Porter and Virginia Fildes Simonds was void; that Porter is not the surviving husband of Virginia Fildes Simonds; and that he has no interest in her estate and has no standing to appear as a contestant.

At the hearing on the petition to strike out the appearance of Charles E. Porter it was shown that in the libel for divorce the libellee, Gertrude E. Porter, appeared by counsel and filed an application for an allowance, and that she filed a cross libel; that on February 21, 1947, a decree nisi was entered in favor of Charles E. Porter, and the cross libel was dismissed; and that on September 11, 1947, the decree having become absolute, Charles E. Porter went through a marriage ceremony with Virginia Fildes Simonds in the

State of New York. She died two days later, leaving the alleged will, which was made in 1942, and in which the children of Daniel Simonds were named as beneficiaries. The petitioner offered substantial evidence tending to prove, in effect, that at the hearing on the divorce libel Mrs. Porter's attorney, in pursuance of his instructions, consented to the dismissal of the cross libel, received $3,300 from Charles E. Porter's attorney in exchange for a release signed by Mrs. Porter running to her husband, and took no further part in the case; that the allegations in Charles E. Porter's libel were not true; that the Porters had never lived as husband and wife in this Commonwealth; and that Charles E. Porter had not lived in this Commonwealth for five years last preceding the filing of the libel. The judge, however, refused to permit collateral attack upon the decree of divorce and excluded the evidence. He denied the petition to strike out the appearance of Charles E. Porter and disallowed the will on the ground that it had been revoked by the marriage of the testatrix to Porter, except so much of it as was made in the exercise of powers of appointment not involved in this case. G. L. (Ter. Ed.) c. 191, § 9. The case is here by appeal.

1. In our opinion the decrees in the first case ought not to be disturbed in the circumstances presented. It would be going a long way to permit persons who were not parties to a divorce proceeding to make a direct attack upon a decree for divorce which has already become absolute by a petition to vacate it altogether for want of jurisdiction, when, as hereinafter appears, another remedy is available which will meet the needs of the petitioners without in any other respect disturbing the status apparently established by the decree. The death of one of the parties to the divorce, although after the petition was filed and on the day the demurrer to it was sustained, adds emphasis to this statement. See *Rawson* v. *Rawson*, 156 Mass. 578, 580. We have been referred to no decision, and we have seen none, in which direct attack upon a divorce decree, by a person not a party to it in circumstances com-

parable to these, was allowed. In *Tyler* v. *Aspinwall*, 73 Conn. 493, and in *Brokaw* v. *Brokaw*, 99 Ind. App. 385, it was held that such an attack could not be made.

It is true that in *Tucker* v. *Fisk*, 154 Mass. 574, *Phillips* v. *Chase*, 203 Mass. 556, and *Raymond* v. *Cooke*, 226 Mass. 326, persons not parties to decrees for adoption were allowed to maintain petitions to vacate the decrees for fraud after the death of the adopting party. But in each of these instances the petition was grounded upon fraud not going to the jurisdiction but yet directed both against the court and against the persons from whom the petitioners derived their interests. And in both the *Tucker* and the *Phillips* cases, which are cited as authority for the *Raymond* case, stress was laid upon the argument that, if the decree for adoption could not be vacated, there would be no remedy whatever for the fraud committed. It would seem that the view of the court in those cases was that if the adoptions stood, the persons adopted would necessarily succeed to the property of the adopting parents in accordance with what is now G. L. (Ter. Ed.) c. 210, § 7. It is not true in the present instance that a remedy can be had only by vacating the decree of divorce, as we shall see presently. We do not overlook possible intimations in the *Tucker* and *Phillips* cases that a decree for divorce as well as a decree for adoption might in a proper case be vacated at the instance of one not a party to the original proceeding, and if the circumstances were otherwise similar to those in the *Tucker* and *Phillips* cases, and if there were no other remedy available, we might be required to give serious consideration to this suggestion. But we are of opinion for the reasons already stated that the present case is not governed by the *Tucker*, *Phillips*, and *Raymond* cases.

2. We have come to the conclusion that there was error in the second case in the ruling of the judge that the decree of divorce could not be attacked collaterally by Old Colony Trust Company on its petition to strike out the appearance of Charles E. Porter and in the judge's refusal to hear the evidence offered by the petitioner tending to show that

Charles E. Porter had not lived in this Commonwealth for the requisite time prior to the filing of his libel.

It is plain that the requirement of G. L. (Ter. Ed.) c. 208, § 5, of five years residence in this Commonwealth last preceding the filing of the libel is a jurisdictional requirement in cases to which it applies, and that if there has not in truth been such residence the court has no jurisdiction to act. *Field* v. *Field*, 236 Mass. 256. *Hayes* v. *Hayes*, 256 Mass. 97. *Kisley* v. *Kisley*, 322 Mass. 676. No contention is made to the contrary.

Starting from this point, if a statutory requirement of a jurisdictional fact means anything, sound reason would seem to dictate that in general a judgment or decree entered in the absence of the jurisdictional fact must be wholly void and of no effect, and that evidence must be competent to show that the fact was absent whenever anyone attempts to rely upon the judgment or decree or whenever anyone's interests are adversely affected by it. If this were not so, validity would be imparted to a judgment which the court had no jurisdiction to render. There is, however, one important qualification upon this general principle. Every court confronted with a law suit of any kind is under both the necessity and the duty of determining whether or not it has jurisdiction to entertain the suit, and it necessarily has jurisdiction to make this determination. If it determines erroneously that it has jurisdiction, its own erroneous determination does not give it any true jurisdiction of the case as a whole, and its judgment is in general void and therefore subject to collateral attack, but in accordance with principles which also form the basis for the familiar doctrine of res judicata the judgment *may*, after it becomes final, be binding upon the *parties* to the suit although not upon others, and the rights of *parties* may therefore be limited to appeal, writ of error, petition to vacate, or other methods of direct attack. The theory of the law on this subject is fully set forth in the Restatement: Judgments, §§ 4, 7, 8, 9, 10, 11, 12, 33, 74, 93, including the comments on each section. See also §§ 112 and 114, and comments;

*Sherrer* v. *Sherrer*, 334 U. S. 343, 349–350. These principles apply to judgments in rem or quasi in rem and to judgments affecting status, including decrees of divorce. Restatement: Judgments, pages 3–4, §§ 10, comments a, b; 11, comment g; 33, 74. There are decisions in our own reports which, so far as they go, are in accord with these principles. In *Vose* v. *Morton*, 4 Cush. 27, at page 31, Chief Justice Shaw said, "It is a general and established rule of law, that when a party's right may be collaterally affected by a judgment, which for any cause is erroneous and void, but which he cannot bring a writ of error to reverse, he may, without reversing, prove it so erroneous and void, in any suit, in which its validity is drawn in question." Other decisions are *Downs* v. *Fuller*, 2 Met. 135, *Leonard* v. *Bryant*, 11 Met. 370, *Greene* v. *Greene*, 2 Gray, 361, 366, *Johnson* v. *Thaxter*, 7 Gray, 242, *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, *Hendrick* v. *Whittemore*, 105 Mass. 23, *Pierce* v. *Prescott*, 128 Mass. 140, 143–144, *Tarbell* v. *Jewett*, 129 Mass. 457, and *Safford* v. *Weare*, 142 Mass. 231. See *Savage* v. *Welch*, 246 Mass. 170, 176; *Carroll* v. *Berger*, 255 Mass. 132; *Noyes* v. *Bankers Indemnity Ins. Co.* 307 Mass. 567, 569; *Mitchell* v. *Mitchell*, 312 Mass. 154, 163.

Upon reason and theory the second case now before us presents a proper instance for collateral attack upon the decree of divorce between Mr. and Mrs. Porter. If the evidence offered and excluded was true, as we must assume it was for the purposes of this decision, the decree was rendered without jurisdiction and was inherently void. Neither Old Colony Trust Company, which is the present petitioner, nor the persons in whose behalf it is acting were in any sense parties to the divorce proceeding so as to become bound thereby, or in privity with the parties. They were not entitled to notice of that proceeding and presumably had none. They could not have appealed from the decree. They took no part whatever in the case. They were in no way concerned in the result of it at the time and would never have become concerned, if Mrs. Simonds had not afterwards contracted her second marriage. They now

find that their property interests under the paper offered for probate as the will of Virginia Fildes Simonds may be destroyed as a result of the decree, since if the decree is binding upon them Mrs. Simonds's marriage with Porter will be held to have revoked any prior will made by her.

The result which would be reached upon reason and theory is confirmed by the only decision very closely in point which is to be found in our own reports. In *Adams* v. *Adams*, 154 Mass. 290, this court, speaking through Mr. Justice Holmes in a very carefully reasoned opinion, held that a decree for divorce rendered by a California court could be attacked collaterally in this Commonwealth for want of jurisdiction in that the libellant had not lived in California the length of time required by a statute of that State, by persons whose interests under a Massachusetts will would be adversely affected if the divorce were valid, because in that event a subsequent second marriage of the libellant in California would have been valid and would have legitimated a previously illegitimate child who would then have been admitted to share the property under the will with the Massachusetts beneficiaries. The reasoning shows that the result would have been the same if the divorce had been granted in the same circumstances in this Commonwealth. We believe that decision is right, and we intend to follow it here. The industry of counsel has supplied us with a number of cases from other jurisdictions, apparently representing the weight of authority, which in general support the principle of collateral attack for want of jurisdiction upon decrees of divorce by persons not parties to the divorce proceedings whose rights would be impaired if effect were given to the decrees as against them. *Matter of Estate of Pusey,* 180 Cal. 368. *Brill* v. *Brill,* 38 Cal. App. (2d) 741. *Ainscow* v. *Alexander* (Del. Supr.), 39 Atl. (2d) 54. *State* v. *Chillingworth,* 124 Fla. 274. *Richardson* v. *King,* 157 Iowa, 287. *Tomlinson* v. *Tomlinson,* 121 Kans. 206. *Ewald* v. *Ewald,* 167 Md. 594. *Smith* v. *Foto,* 285 Mich. 361. *Sammons* v. *Pike,* 108 Minn. 291. *Meade* v. *Mueller,* 139 N. J. Eq. 491. *Matter of Lindgren,* 293 N. Y. 18.

*Urquhart* v. *Urquhart*, 272 App. Div. (N. Y.) 60, affirmed 297 N. Y. 689. *Senor* v. *Senor*, 272 App. Div. (N. Y.) 306, affirmed 297 N. Y. 800. *Kiessenbeck* v. *Kiessenbeck*, 145 Ore. 82. *Grossman's Estate*, 263 Pa. 130. *Ex parte Nimmer*, 212 S. C. 311. *Blondin* v. *Brooks*, 83 Vt. 472, 486. *Goodloe* v. *Hawk*, 113 Fed. (2d) 753. See 99 A. L. R., at page 1316. In *Williams* v. *North Carolina*, 325 U. S. 226, at page 230, it was said, "But those not parties to a litigation ought not to be foreclosed by the interested actions of others." Other courts have taken a contrary view. *Whitford* v. *Whitford*, 100 Ark. 63. *Kirby* v. *Kent*, 172 Miss. 457. *Reger* v. *Reger*, 316 Mo. 1310. *In re Anderson's Estate*, 121 Mont. 515. *James* v. *James*, 131 Okla. 276. See *Tyler* v. *Aspinwall*, 73 Conn. 493; *Harpold* v. *Doyle*, 16 Idaho, 671; *Broduer* v. *Broduer*, 53 R. I. 450.

The argument is made in behalf of Porter that since the Old Colony Trust Company and the beneficiaries under the instrument proffered as the will of Virginia Fildes Simonds had no interest in her property at the time when the Porter divorce was granted, but had only an expectancy which could materialize only in the event of her death without revoking her will, they had no such interest as will now enable them to make a collateral attack upon the decree. But we are not convinced that the argument is sound. The reason why Old Colony Trust Company, as proponent of the will, is entitled to make a collateral attack upon the decree of divorce is not because the persons whose interests it represents were injured in any property rights at the time the decree was entered. It is simply because, if the excluded evidence is true, the decree is void, and they are not bound by it, and they have encountered in this litigation a person (Porter) who is now insisting upon the decree against their present interest. An argument similar to that now urged by Porter was rejected in *Tucker* v. *Fisk*, 154 Mass. 574, at pages 576–577. In the case of *Adams* v. *Adams*, 154 Mass. 290, hereinbefore discussed, where collateral attack was allowed upon a decree of divorce, the decree, when entered, did not affect the rights

of those who were later allowed to attack it. It adversely affected their rights only, as in the case at bar, by reason of a subsequent second marriage. The same is true in many of the cases cited above where collateral attack was allowed. Nowhere in the Restatement: Judgments, in dealing with the right of collateral attack upon a void decree, is there a suggestion that the right depends upon the decree working an injury to the attacker at the time of entry of the decree.

We may add here that there is nothing in the record to suggest that Virginia Fildes Simonds was guilty of any fraud or connivance or improper conduct in connection with procuring the divorce or had anything to do with it as a result of which she or persons claiming from her could be estopped to attack the decree. The case is distinguishable on this ground from some of those cited in the briefs. *Loud* v. *Loud*, 129 Mass. 14. *Chapman* v. *Chapman*, 224 Mass. 427. *Langewald* v. *Langewald*, 234 Mass. 269, 272. See 120 A. L. R. 815.

But in Porter's behalf we are also referred to a great number of decisions of this court holding or stating that a decree of one of our Probate Courts cannot be attacked collaterally. A more accurate statement which is found in many of the decisions is that a decree of a Probate Court *within its jurisdiction* cannot be attacked collaterally. See, for example, *Dallinger* v. *Morse*, 208 Mass. 501, 505; *Healy* v. *Granahan*, 275 Mass. 338, 339–340; *Wilbur* v. *Hallett*, 305 Mass. 554, 558; *Mahoney* v. *Nollman*, 309 Mass. 522, 525; *Beede* v. *Old Colony Trust Co.* 321 Mass. 115, 121. The statement in this form in no way conflicts with the result reached in the present case. The decisions containing the broader form of statement were doubtless correct on the facts of those cases, but a less sweeping form might have been employed if the court had had a case like the present in mind. A leading case, citing many of the earlier cases and containing both forms of statement, is *Farquhar* v. *New England Trust Co.* 261 Mass. 209. We cannot undertake to discuss in detail all of the cases in which the

statement is made in some form that a decree of a Probate Court cannot be attacked collaterally. We have examined all the cases to which our attention has been directed and many others. We believe that all can be distinguished from the case before us on one or more of several grounds. In many of them there was no question of the jurisdiction of the Probate Court. In many others the person who sought to attack the decree collaterally was a party to the original proceeding or was a person entitled to notice in some form, and so was in a position to make a direct attack. Other cases affected fiduciaries who had been appointed by a Probate Court and were entitled to settle their accounts in that court free from the interference of any other court.

One class of cases, however, is not so easily disposed of. We refer to cases in which it is held that the appointment of an administrator cannot be attacked collaterally in a later action on the ground that the Probate Court had no jurisdiction because the deceased did not reside within the county. Formerly collateral attack was permitted in these cases on the ground that the decree was void. This proved inconvenient and was changed, where jurisdiction depended upon residence, by Rev. Sts. c. 83, § 12, which continued in force through subsequent revisions until after Probate Courts became courts of superior and general jurisdiction by reason of St. 1891, c. 415, § 4, because of which the former statute was omitted from the Revised Laws of 1902. See *Jochumsen* v. *Suffolk Savings Bank,* 3 Allen, 87, 89–92; *McFeely* v. *Scott,* 128 Mass. 16; *Dallinger* v. *Richardson,* 176 Mass. 77; *Connors* v. *Cunard Steamship Co. Ltd.* 204 Mass. 310, 321–323. In the *Connors* case it was said that the earlier provision was omitted "evidently" because the later provision made it unnecessary. That case holds that the appointment of an administrator cannot be attacked collaterally for want of the necessary residence of the deceased in an action brought by the administrator, even after the omission of the earlier statute. It has been followed since in a few cases. See, for example, *Judge* v. *National Security Bank,* 272 Mass. 286, 289. Compare *Pinney* v. *McGregory,*

102 Mass. 186, 189; *Taylor* v. *Badger*, 226 Mass. 258, 261–262. The present rule is a convenient one, upon whatever ground it rests. If a person paying the administrator is protected against double liability, as we suppose he would be, this rule deprives no one of his rights and is harmless as well as convenient. See *Emery* v. *Hildreth*, 2 Gray, 228; *McCooey* v. *New York, New Haven & Hartford Railroad*, 182 Mass. 205. We do not intend to cast doubt upon it. But so far as we are informed it has never been extended to any case where the denial of collateral attack upon a decree entered without jurisdiction would imperil the rights of persons not entitled to be heard in the original proceeding. It has never been applied to a decree of divorce. The Probate Courts had no jurisdiction over divorce while the former statute remained on the books. We cannot believe that when by St. 1921, c. 466, and St. 1922, c. 532, §§ 5, 6, they acquired such jurisdiction concurrently with the Superior Court and under the same statutory provisions there was any intention that their decrees should not be subject to collateral attack for want of jurisdiction whenever similar decrees of the Superior Court would be subject to such attack. We see no reason why the converting of the Probate Courts into courts of superior and general jurisdiction should give the decrees of such courts any peculiar immunity against collateral attack not accorded in similar circumstances to the decrees of this court or of the Superior Court, which have always been courts of superior and general jurisdiction. See further *Davis* v. *McGraw*, 206 Mass. 294; *Wilder* v. *Orcutt*, 257 Mass. 100; *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 212; *Kennedy* v. *Simmons*, 308 Mass. 431, 432; *Commonwealth* v. *Aronson*, 312 Mass. 347, 353.

It is argued on behalf of Porter that his marriage to Virginia Fildes Simonds was valid in New York, where it was contracted, because New York would give effect to Porter's previous Massachusetts divorce, and so the marriage cannot be attacked in this Commonwealth. *Atwood* v. *Atwood*, 297 Mass. 229, 231. But a different view was

taken of a similar situation in *Adams* v. *Adams*, 154 Mass. 290, 293. And at any rate whatever attack is here involved on the New York marriage seems to us to be of a kind which New York law would itself permit. We refer to the recent New York decisions hereinbefore cited permitting collateral attack upon decrees of divorce for want of jurisdiction. And see further *De Marigny* v. *De Marigny*, 193 Misc. (N. Y.) 189; *Matter of Knowlton*, 192 Misc. (N. Y.) 1032. If the law of the two jurisdictions is the same, as we conceive it to be, we cannot understand how the marriage can derive any greater sanctity from having been solemnized in one jurisdiction rather than in the other. Moreover, it would seem that in no event would New York give any greater immunity from attack to a divorce decree of one of our Probate Courts than we ourselves give to it. See *Fondiller* v. *Fondiller*, 179 Misc. (N. Y.) 800. We see nothing in *Sherrer* v. *Sherrer*, 334 U. S. 343, or in *Coe* v. *Coe*, 334 U. S. 378, bearing upon the point now under discussion, or, we may add, inconsistent with any conclusion reached in this opinion.

In the first case the decrees are affirmed. In the second case the decrees are reversed. The petition of Old Colony Trust Company to strike out the appearance of Charles E. Porter as a contestant is to be heard on the evidence, and further proceedings are to be had not inconsistent with this opinion.

*So ordered.*