HENRIETTA S. WILEY *vs.* STEPHEN P. WILEY.

Middlesex. March 7, 1894. — May 21, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Vacating Decrees and Dismissing Libel for Divorce — Discretion of Presiding Justice as to Admission of Evidence.*

On a petition praying that a decree absolute and a decree *nisi* in a libel for divorce might be vacated, and that the libel might be dismissed, and for other relief, the court could properly, in the same proceeding, not only vacate the decrees, but dismiss the libel. At the hearing the respondent offered to show that he was never lawfully married to the petitioner, and that the libel should be dismissed on this ground. *Held,* that, as there were other grounds on which the libel must be dismissed, it was in the discretion of the court whether it would or would not hear the evidence offered.

When there are several grounds on which a libel for divorce may be dismissed on the merits, the libellant has not necessarily, as matter of strict law, the right to select for the court the particular ground on which it must act, and to have this incorporated in the decree.

PETITION, filed October 20, 1892, alleging that the respondent was the libellant in a libel for divorce, filed February 12, 1891; that a decree *nisi* was granted therein against the petitioner, and in favor of the respondent, on February 12, 1892; that on April 20 next following, the respondent, well knowing he could not legally marry again, was married to one Annie Rooney, each using an assumed name; that the respondent subsequently, viz. on August 19, 1892, applied for and obtained a decree absolute in said cause, fraudulently concealing the fact of his marriage to Rooney from the court; and praying that both the decree absolute and the decree *nisi* might be revoked and set aside, the libel dismissed, and for other relief.

By an amendment filed November 15, 1892, the petitioner further alleged that in March, 1891, she and the respondent resumed cohabitation, and continued to live together as husband and wife until October, 1891; that she supposed the suit for divorce was ended, and did not know it was to be tried or that it had been tried; that the charges contained in the libel were false, and had been condoned if true; and that the concealment

of the fact of cohabitation was a fraud upon the court, and that the decree *nisi* was obtained by fraud.

The answer of the respondent denied all the allegations of the petitioner.

At the trial in the Superior Court, before *Dunbar,* J., the petitioner introduced the record in the divorce cause, showing that the libel was filed February 12, 1891, served personally on the libellee on February 14, 1891, and that the decree *nisi* and the decree absolute had been granted as alleged, and introduced evidence tending to show that two or three weeks after the service of the libel on her she met the respondent and went with him to the office of his counsel in the divorce suit, and that he in her presence told the counsel that he had " taken his wife back " and did not want the divorce suit carried on any further; that she then went to live with the respondent, and cohabited with him until the next October ; that she then left him because of what she learned about him, and because of his treatment of her ; that she went to Vermont on March 21, 1892, and remained there till October 29, 1892 ; that she had no notice that the divorce suit was to be tried, and did not know she had been defaulted therein until June, July, or August, 1892, when she received a letter stating that a decree *nisi* had been granted in the divorce case, and that the respondent had married the Rooney woman, and subsequently she wrote to her attorney requesting him to take proceedings to set aside said decree ; and that the respondent, about June, 1892, on being asked if he had seen the petitioner lately, had replied, " No, I've got rid of her," and that he had " got a divorce on the sly."

The respondent admitted that he was married on April 20, 1892, under the name of Perkins S. Wiley, to Rooney, who used the name Mary Corey.

The respondent introduced evidence tending to show that no such conversation as the petitioner claimed ever took place in the office of his counsel ; that he never cohabited with the petitioner after the libel was filed, and denied that he ever said he had " got a divorce on the sly."   The counsel of the respondent in the divorce suit testified that he had heard that the respondent was married to Rooney before he applied to have the decree *nisi* made absolute.

The respondent offered evidence to show that he was married to one Lydia L. Wylie about 1850, and that she was still living, and that she had never been divorced. The petitioner objected to this evidence, and the judge excluded it; and the respondent excepted.

The judge ordered the decree absolute and the decree *nisi* to be vacated and annulled, and that the libel be dismissed. The respondent alleged exceptions.

*C. Cowley*, for the respondent.

*B. D. O'Connell*, for the petitioner, was not called upon.

FIELD, C. J. The petition in this cause prayed that the decree absolute and the decree *nisi* in the libel for divorce might be vacated, and that the libel might be dismissed, and for other relief. If these decrees were vacated, the libel would stand for further proceedings; but as the evidence, if believed, on which the decrees were vacated also showed that the libel must be dismissed, and as both parties were present and were heard, the court could properly, in the same proceeding, not only vacate the decrees, but dismiss the libel.

The respondent in this petition offered evidence to show that when he was married to the petitioner he had a wife still living, from whom he had never been divorced. This was offered to show that he was never lawfully married to the petitioner, and that therefore the libel should be dismissed on this ground. As there were other grounds on which the libel must be dismissed, it was in the discretion of the court whether it would or would not hear the evidence offered. When there are several grounds on which a libel for divorce may be dismissed on the merits, the libellant has not necessarily, as matter of strict law, the right to select for the court the particular ground on which it must act, and to have this incorporated in the decree.

*Exceptions overruled.*