WALTER J. HOLDEN & others *vs.* J. STEVENS ARMS COMPANY & others.

Suffolk.     March 20, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Conspiracy. Pleading, Civil,* Declaration.

A general allegation in a declaration in an action of tort against a number of defendants, that "all of the defendants herein named knowingly and intentionally participated in said unlawful scheme and conspiracy," is merely matter of characterization and does not state a cause of action.

The declaration in an action of tort against three corporations and ten individual defendants alleged that the plaintiff had earned a commission from one of the defendant corporations by procuring for it a contract for a sale of rifles to the purchasing agent of a foreign government, that this defendant corporation with the aid of the individual defendants entered into an arrangement with another of the defendant corporations to form the third defendant corporation to which the contract for the sale of rifles was transferred. It was not alleged that the defendant corporation for which the plaintiff had procured the contract had been dissolved or that it had transferred its assets to the new corporation in furtherance of a plan to compel the corporation that had procured the contract to commit a breach of it that would deprive the plaintiff of his commission. Nor was it alleged that the defendants had committed any tortious acts impairing the plaintiff's legal rights or preventing their enforcement by proper proceedings at law or in equity against the defendant corporation which owed the plaintiff the alleged commission. Upon demurrer it was *held* that the declaration set forth no cause of action in tort against the defendants.

TORT against three corporations and ten individual defendants. Writ dated September 30, 1916.

The essential allegations of the substituted declaration are described in the opinion. The plaintiffs alleged that the defendant J. Stevens Arms Company agreed to pay the plaintiffs a commission of fifty cents per rifle on such orders as they procured for it,

payment to be made on delivery of the rifles by that corporation and that on March 10, 1915, the plaintiffs procured for the J. Stevens Arms Company an order from the purchasing representatives of the Imperial Government of Russia for one million rifles at the agreed price of $25 per rifle. The second count concluded, as also substantially did the first count, as follows:

"The plaintiffs say that the said conspiracy and agreement between the defendant J. Stevens Arms Company and the defendant Westinghouse Electric and Manufacturing Company, and the bringing into existence and the formation of the defendant New England Westinghouse Company, as herein set forth, were made for the sole purpose of attempting to unlawfully deprive the plaintiffs of their just commissions which they had earned in the procurement of the said customer for the benefit of the defendant J. Stevens Arms Company and the defendant Westinghouse Electric and Manufacturing Company. The plaintiffs further say that, although requested to do so, the defendant J. Stevens Arms Company has refused and neglected to pay for the procuring of said customer as aforesaid, and the plaintiffs have been thereby entirely deprived of the benefits of said contract.

"Wherefore the plaintiffs say that they have been damaged in the sum of $500,000.

"Both counts are for one and the same cause of action."

The defendants severally demurred to the declaration.

The case was argued on the demurrers before *Jenney,* J., who made orders sustaining each of the demurrers, and the plaintiffs appealed. Later, on motion of the defendants, it was ordered that judgment be entered for the defendants upon the demurrers.

From the final judgment entered in pursuance of this order the plaintiffs appealed.

*D. H. Coakley & D. Stoneman,* for the plaintiffs, submitted a brief.

*J. L. Hall,* for the defendants.

BRALEY, J. The plaintiffs having performed their contract with the defendant the J. Stevens Arms Company, as set forth in the declaration and admitted by the demurrants, had earned their commission which could be recovered in an action of contract, but not in tort, which is the form of the present action. It is how-

ever further alleged, that, when the plaintiffs' success in procuring the order for the manufacture of rifles from the Imperial Russian Government seemed to be reasonably certain of consummation, the company entered into an arrangement with the defendant the Westinghouse Electric and Manufacturing Company, which was engaged in a similar business, whereby a scheme in which the individual defendants actively joined was set on foot to organize the defendant corporation the New England Westinghouse Company to acquire the contract procured by the plaintiffs for the Stevens Company.

The New England Company, whose stock was to be subscribed for by persons having no financial interest in its welfare, having accordingly been incorporated and the capital stock of the Stevens Company having been sold to the Westinghouse Company, the Russian contract was transferred to the New England Company by whom it has been performed. It does not appear that the Stevens Company has been dissolved. Nor has the Westinghouse or the New England Company taken over its assets in furtherance of a plan without any justification to induce or coerce the Stevens Company to commit a breach the consequences of which would effectually deprive the plaintiffs of the benefit of their contract. *Garst* v. *Charles,* 187 Mass. 144. And, notwithstanding the allegations that the capital stock of the New England Company is owned by the Stevens and Westinghouse companies, and the Stevens Company "has refused to recognize the plaintiffs in their claims for commission on orders for rifles to be filled," the plaintiffs fail to allege any tortious acts impairing their legal rights or preventing their enforcement by proper proceedings against the Stevens Company either at law or in equity. *Beekman* v. *Marsters,* 195 Mass. 205.

The general allegation that "all of the defendants herein named knowingly and intentionally participated in said unlawful scheme and conspiracy" does not create a cause of action. It is only matter of characterization. The plaintiffs must rely on an actionable wrong in which all those who participated are principals, and therefore are liable either jointly or severally. *Gurney* v. *Tenney,* 197 Mass. 457. *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575. We know of no legal alchemy by which the allegations of the declaration can be transmuted into a cause of action.

The demurrers were sustained rightly, and the judgment for the defendants must be affirmed.

*So ordered.*