THE FIDELITY AND CASUALTY COMPANY OF NEW YORK *vs.*
HUSE & CARLETON, INC.

Suffolk.    November 17, 1925. — January 7, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Parties, Motion to dismiss, Amendment. *Judgment.*
*Workmen's Compensation Act,* Statutory action by insurer against
third party causing injury.

An employee of one insured under the provisions of Sts. 1911, c. 751; 1912,
c. 571; 1913, c. 448, in 1915 received injuries by reason of negligence of
a third person, from which he died within a few hours.   A claim under
the statute by one asserting herself to be his widow was heard by an
arbitration committee, who ordered compensation to be paid to the
claimant as the wife of the employee who "under the law is conclusively
presumed to be wholly dependent upon the deceased for her support."
There was no request for a review by the Industrial Accident Board nor
for a decree by the Superior Court.   Five months after the decision by
the committee, the alleged widow was appointed administratrix, and in
the next month an action was brought by the insurer in her name as
administratrix against the third party under § 15 of the statute as
amended by St. 1913, c. 448, § 1.   Over one year and eight months
after the decision by the committee, counsel for the defendant in the
action at law informed counsel for the plaintiff that he was seeking to
prove that the plaintiff was not the widow of the decedent.   Payments
under the decision by the committee were completed seven years and
five months after that decision.   Over a year thereafter, on petition
by the third party, defendant in the action at law, the decree of the
Probate Court appointing the alleged widow administratrix was revoked
because she was not the widow.   The third party then moved that the
action against it be dismissed and the motion was denied.   The insurer
moved that the writ in the action at law be amended to substitute the
insurer as plaintiff, and the motion was allowed.   *Held,* that
    (1) After the decree of the Probate Court revoking the appoint-
ment of the original plaintiff as administratrix of the estate of the
deceased employee, the action no longer could be maintained in her
name;
    (2) Until the revocation of the decree of the Probate Court appoint-
ing the original plaintiff as administratrix of the estate of the deceased
employee, that decree was not open to attack collaterally in the action
against the defendant;
    (3) The right to bring the action was conferred by statute and did
not depend upon subrogation;
    (4) There being no fiduciary relation between the plaintiff and the
defendant, the failure of the plaintiff to act upon the investigation

undertaken by the defendant to prove the falsity of the allegations that the administratrix was the widow of the decedent, was not proof of bad faith;

(5) The defendant's motion to dismiss rightly was denied;

(6) The motion to amend the writ rightly was allowed.

TORT, originally brought by "Christina J. Anderson, as she is the administratrix of the estate of Carl Anderson, sometimes called Charles J. Anderson (deceased)" under Sts. 1911, c. 751, Part III, § 15; 1913, 448, § 1, to recover from the defendant damages for the negligent causing of conscious suffering and the death of the intestate, who, on September 27, 1915, received injuries from which he died within a few hours while in the employ of one insured under the workmen's compensation act by The Fidelity and Casualty Company of New York, which, under the provisions of that act, was paying compensation to the plaintiff as dependent of the employee.   Writ dated July 5, 1916.

In the circumstances described in the opinion, the defendant moved that the action be dismissed and the insurer moved to amend the writ and declaration.   The motions were heard by *Morton*, J.   Besides the facts described in the opinion, the record states: "On September 27, 1917, counsel for the defendant notified counsel for the plaintiff that he was taking up with Sweden the deposition to prove that Mrs. Anderson's marriage was never recorded as required by law, and in the absence of an agreement between the parties also desired to take a deposition to prove the Swedish law on the question of marriage."   The motion to dismiss was denied and the motion to amend was allowed and, being of the opinion that both motions raised a question of law that might properly be reported, the judge reported the action to this court on the pleadings, the motion to dismiss with supporting affidavit, the motion to substitute and the statement of facts to which both parties agreed, such order to be made as justice might require.

*E. A. Whitman,* for the defendant.

*C. O. Pengra,* for the plaintiff.

BRALEY, J.   This action was begun July 5, 1916, under St. 1911, c. 751, Part III, § 15, as amended by St. 1913,

c. 448, § 1, by the plaintiff in the name of Christina J. Anderson, as administratrix of the estate of Carl Anderson. The declaration is in two counts respectively alleging the conscious suffering and death of the intestate, and the answer, among other defences, denies that the administratrix was ever married to the intestate and alleges that her appointment was invalid. R. L. c. 137, § 1. The plaintiff had issued a policy of insurance to Edward A. Laveau, the employer of the intestate. He died September 27, 1915, within a few hours after the accident, from injuries alleged to have been caused by the defendant's negligence while he was lawfully upon its premises in the course of his employment.

A committee of arbitration appointed under St. 1911, c. 751, Part III, § 5, filed on January 4, 1916, with the Industrial Accident Board as provided in § 7, a report in which, after a hearing of all parties entitled to notice, they found that the employee met with injuries arising out of and in the course of his employment while working for Edmund A. Laveau which resulted in his death, and awarded compensation to his widow of $10 a week for a period "which will bring the total amount recovered up to $4,000, namely, 400 weeks. We further find that Mrs. Anderson was the wife of Carl Anderson, and was living with him at the time of his death; and under the law is conclusively presumed to be wholly dependent upon the deceased for her support." The defendant not being a necessary party to the proceedings, notice to it was not required. St. 1911, c. 751, Part III, §§ 4, 5, 6. But, even if under St. 1912, c. 571, § 14, which struck out § 11, Part III, St. 1911, c. 751, and provided that any party in interest may present certified copies of an order or decision of an arbitration committee to the Superior Court whereupon the court shall render a decree and notify the parties interested, the jurisdiction of the committee was not abrogated. The finding of marriage and dependency as well as the award of compensation were within their province as defined in the statute, and the result, no review having been claimed, could be enforced, if necessary, by decree of the court. St. 1911, c. 751, Part III, § 7. St. 1912, c. 571, § 14. *Pigeon's Case*, 216 Mass. 51, 56. The payments by

the insurer from September 27, 1915, until her appointment June 8, 1916, as administratrix were made to the widow. But after appointment they were made to her under St. 1911, c. 751, Part II, § 13, as his legal representative. These payments in no sense were voluntary, but were in compliance with the determination of the committee which on the present record was final. *Opinion of the Justices,* 209 Mass. 607. See *Diaz's Case,* 217 Mass. 36. The last payment on June 6, 1923, with the preceding payments fully satisfied the award.

The court of probate, however, on the defendant's petition had by decree entered October 31, 1924, revoked the decree appointing the administratrix because she was not the widow of the employee, and the action therefore could not be maintained in her name as such. *Adams* v. *Leland,* 7 Pick. 62, 63. But the original decree was not open to collateral attack, and until revoked it was valid. *McCooey* v. *New York, New Haven & Hartford Railroad,* 182 Mass. 205. *Connors* v. *Cunard Steamship Co. Ltd.* 204 Mass. 310.

St. 1911, c. 751, Part III, § 15, now G. L. c. 152, § 15, provides that where the injury for which compensation is payable was caused under circumstances creating a legal liability in some party other than the subscriber and employer, the insurer may enforce such liability in the name of the employee or in its own name and for its own benefit; and under Part II, § 13, now G. L. c. 152, § 39, the insurer may also recover for the death of the employee if full compensation has been paid therefor. *Turnquist* v. *Hannon,* 219 Mass. 560. *Hall* v. *Henry Thayer & Co.* 225 Mass. 151. R. L. c. 171, § 2, as amended by St. 1907, c. 375, now G. L. c. 229, § 5. The right is conferred by statute. It does not depend on subrogation. There is no fiduciary relation between the plaintiff and the defendant, and the alleged failure of the plaintiff to accept the investigations of the defendant and act thereon — that Christina J. Anderson was not the widow of Carl Anderson — or make an independent investigation of itself, is not proof of bad faith.

Accordingly the motion of the insurer to amend the writ and declaration by substituting its own name as plaintiff

was allowed rightly, and the motion of the defendant to dismiss the action was properly denied. By the terms of the report the orders are

*Affirmed.*