WESLEY M. WILDER vs. FRANK A. ORCUTT & others.

Middlesex.   March 17, 1926. — September 18, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, &
SANDERSON, JJ.

*Equity Jurisdiction*, To reach and apply property fraudulently held on a
secret trust.  *Probate Court*, Decree.  *Executor and Administrator.*

The rule of law, that a final decree in a probate court allowing accounts of
an administrator cannot be attacked collaterally even if brought about
by fraud of the parties, does not preclude a creditor of one of the next of
kin from maintaining a suit in equity to establish his debt and to apply
to its payment funds which were really his debtor's but which by col-
lusion between the debtor and the administrator were left in the hands
of the administrator on a secret trust, the administrator falsely stating
in his accounts to the Probate Court, which were allowed, that the
funds had been owed to him by the intestate and were paid to him to
satisfy such claim.

BILL IN EQUITY, filed in the Superior Court on December 7,
1925, and afterwards amended, described in the opinion.

A demurrer to the bill was ordered overruled by *Morton*, J.,
who thereupon reported the suit to this court under G. L.
c. 214, § 30, for determination of the correctness of that
ruling before further proceedings in the suit.

*L. K. Clark*, for the defendants.

*A. S. Howard*, for the plaintiff.

The case was argued at the bar in March, 1926, before
*Rugg*, C.J., *Crosby*, *Pierce*, *Carroll*, & *Wait*, JJ., and after-
wards was submitted on briefs to all the Justices.

CARROLL, J.   The plaintiff alleges in his bill that Frank A.
Orcutt is indebted to him in the sum of $4,464.47; that
William A. Orcutt died intestate, leaving as his only next of
kin and heirs at law the defendants, Mary E. Perry and
Frank A. Orcutt; that Perry was appointed administratrix
of the estate of William A. Orcutt by the Probate Court of
Franklin County; that William A. left an estate of ap-
proximately $9,000 in personal property and $2,950 in real
estate; that the debts of the deceased were small and

Frank A.'s interest in the estate approximated $6,500; that the defendants have conspired to delay and hinder and defraud the creditors of Frank A., including the plaintiff, by procuring Perry to make fictitious claims against the estate for care and nursing furnished William A. and his wife, in order to "extinguish the interest of said Frank A. Orcutt in the property of said estate and keep his creditors, including the plaintiff, from reaching the same"; that she received and retained "in her individual capacity" property of the value of $13,000 in which the defendant Orcutt has a one-half interest; that in pursuance of said conspiracy she retained this property so that Orcutt's creditors could not attach it; that his share is held under a secret trust for his use and benefit; that in pursuance of the conspiracy Perry has filed in the Probate Court an account wherein she credits herself as administratrix with having paid to herself on account of board and nursing, the sum of $12,997.06, this being the entire property of the estate; that Frank A. has assented to the account; that Perry, in pursuance of the conspiracy, has filed a final account in the Probate Court, crediting herself with the money received from the sale of the real estate, leaving no balance in her hands, both of which accounts have been allowed by the Probate Court without notice to the plaintiff and without his knowledge.

The plaintiff prays that his debt be established; that the value of the defendant Orcutt's interest in the estate of William Orcutt, retained by Perry, be determined; that she be ordered to pay this amount so determined to be applied to the payment of the defendant Orcutt's debt to the plaintiff. The defendant demurred.

Probate courts are courts of superior and general jurisdiction. G. L. c. 215, § 2. The final decree of the Probate Court allowing the accounts of the administratrix which showed that there were no assets of the estate for distribution could not be attacked collaterally even if brought about by the fraud of the parties. *Green* v. *Gaskill,* 175 Mass. 265. *Renwick* v. *Macomber,* 233 Mass. 530. *Hutchinson* v. *Blanchard,* 247 Mass. 288, 291. As we construe the plaintiff's bill, however, it does not attempt to attack collaterally

the decree of the Probate Court. It is framed to reach and apply the property fraudulently held by the defendant Perry on a secret trust for the benefit of Orcutt. The decree of the Probate Court was a part of the plan by which the scheme for Perry to hold Orcutt's property, in order to delay, hinder and defeat the creditors of Orcutt, was executed. The decree is binding on every one who was a party to it. In certain aspects, these probate decrees being *in rem* are final in all matters and binding upon all. But the decree did not prevent the plaintiff from enforcing his rights as alleged in this bill. If, as he alleges, the defendants Perry and Orcutt conspired to cheat him and used the Probate Court as part of the scheme, so that the property of Orcutt might be concealed and held by Perry for his benefit under this secret trust, the decree of the Probate Court was not a bar, and the demurrer was rightly overruled. *Foster* v. *Foster*, 134 Mass. 120, *Allen* v. *Hunt*, 213 Mass. 276, and *Tobin* v. *Larkin*, 187 Mass. 279, are not in point. The principle laid down in *Desmond* v. *Fawcett*, 226 Mass. 100, 104, 109 and in *Rubenstein* v. *Lottow*, 220 Mass. 156, 168, is applicable.

When the suit was begun the accounts of the administratrix had not been allowed. The defendant answered to this bill and subsequently filed an answer in the nature of a demurrer. In the demurrer it is alleged that the estate has been fully administered and that her "accounts have been duly allowed by decrees of the Probate Court." We do not consider *Allen* v. *Hunt, supra,* applicable in these circumstances.

The allegations referring to Mary E. Perry as she is the administratrix of the estate of William A. Orcutt deceased are mere surplusage. The suit against her as an individual and Frank A. Orcutt was not demurrable.

*Order overruling demurrer sustained.*