JENNIE H. FARQUHAR *vs.* THE NEW ENGLAND TRUST
COMPANY & others.

Suffolk.    March 16, 1927. — November 21, 1927.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* To set aside decree of Probate Court for fraud.   *Probate Court,* Jurisdiction, Order of notice.   *Equity Pleading and Practice,*
Bill: multifarious.   *Notice.*

A suit in equity cannot be maintained to set aside a decree of a probate
court authorizing a special administrator to sell assets of the estate of
a decedent where the suit is based on allegations that the decree was
procured by means of a fraudulent conspiracy but it does not appear
from the records of the Probate Court that the court did not have
jurisdiction to make the decree.

Upon a petition by a special administrator under G. L. c. 193, § 12,
for leave to sell certain securities, the Probate Court directed service
of an order of notice by publication of the petition and "by mailing
postpaid (but not by registered mail) a copy of citation to all persons
interested in said estate."   After return of service and the making of a
decree as prayed for, a person interested in the estate sought by a bill
in equity in the Supreme Judicial Court to set aside the decree for fraud
and alleged that the defendants failed to notify the plaintiff in that
they gave him no actual notice and that he did not "receive notice" and
did not learn of the proposed sale.   *Held,* that such allegations did not
go to the extent of charging that there was no compliance with the order
of notice issued by the Probate Court and did not amount to an allega-
tion that the court did not have jurisdiction of the parties.

A bill in equity in the Supreme Judicial Court seeking to set aside a decree
of a probate court authorizing the sale by a special administrator, one
of the defendants, of securities of the estate of a decedent on the ground
that the decree was procured through a fraudulent conspiracy is multi-
farious if it contains extended allegations setting forth frauds alleged
to have been committed by some, but not all, of the defendants upon
the estate of another person in which the plaintiff is not alleged to be
interested and as to which no relief is sought.

BILL IN EQUITY, filed in the Supreme Judicial Court for the
county of Suffolk on November 1, 1926, and afterwards
amended, and described in the opinion.

The defendants demurred.   The demurrers were heard by
*Carroll,* J., by whose order an interlocutory decree sustaining
them was entered and who then reported the suit to the full
court for determination of the correctness of that decree.

*W. E. Ulmer,* for the plaintiff.

*J. P. Wright & J. L. Hall,* (*C. O. Pengra* with them,) for the defendants.

RUGG, C.J.    This suit in equity comes before us by report of a single justice, who ordered the entry of an interlocutory decree sustaining the demurrers.    For the purposes of this decision all material allegations of the bill must be assumed to be true.    The plaintiff is the widow of James F. M. Farquhar, who died in 1921 owning 1,000 of the 3,000 shares of the common stock in the R. & J. Farquhar Company, a corporation organized under the laws of this Commonwealth. The New England Trust Company has been appointed by the Probate Court special administrator of his estate and executor of and trustee under his will.    The plaintiff by that will is entitled to the income during her life of the residue of the estate, the trustee having discretionary power also to pay to her parts or the whole of the principal for her comfort, support and pleasure.    The trust company as special administrator was by decree of the Probate Court authorized to sell to three of the defendants 1,000 shares of this common stock for $1,000 and such sale was thereafter carried out.    The object of this bill is to secure the return to the estate of those shares of stock by the purchasers or the fair value thereof from some or all of the defendants. The allegations in support of this object in brief are that the allowance of the will of James F. M. Farquhar was held in abeyance on objection by interested parties; that pending the allowance of said will the defendants conspired to defraud said estate and the plaintiff of said 1,000 shares of stock and pursuant to such conspiracy caused The New England Trust Company to be appointed special administrator of said estate, representing that its value was only $12,500 (a bond without sureties for $18,750 being given), although knowing that the value thereof was in excess of $100,000; that a petition was presented to the Probate Court by certain of the defendants praying for a decree ordering the sale to three specified defendants of said 1,000 shares of stock for $1,000, the defendants well knowing the value thereof to be in excess of $100,000; "that on January 30, 1922, an order of notice

was secured from said Probate Court" by certain defendants "for publication of said petition" in a Boston newspaper on January 31, 1922, and on February 1, 1922, returnable on February 2, 1922, and "by mailing postpaid (but not by registered mail) a copy of citation to all persons interested in said estate"; that at that time the plaintiff in this suit resided in Boston, and the defendants all knew her residence and knew that she was opposed to the sale of the stock, and did not notify her of said proposed sale, and that she "did not receive notice of said proposed sale, and did not know that said stock had been sold until informed by" the conservator of the estate of the plaintiff; that one of the defendants, "nevertheless, made oath that he had complied with said order of court with respect to publication and notice, well knowing" that the plaintiff had not been notified and had been kept in ignorance of said petition; that on February 2, 1922, a decree was secured from the Probate Court on said petition for the sale of said 1,000 shares of common stock to the three specified defendants for the sum of $1,000 and the sale was thereafter consummated. There are further allegations to the effect that fraudulent inventories of said estate were procured showing a small appraisal, and that in the settlement of the estate there was no need for the sale of said shares of stock. There are additional allegations of definite intention on the part of the defendants, in taking these principal and other subsidiary steps pursuant to their conspiracy, to defraud the said estate, and that by reason thereof the Probate Court was misled and deceived into entering said decree of sale. It is not necessary to recite these further allegations in detail. They are all in substance to the effect that by the fraud of the defendants the Probate Court was induced to enter the decree ordering the sale of the stock and the sale was subsequently consummated. There is no allegation that the decree of the Probate Court authorizing the sale of the stock for a definite price to the specified defendants has ever been revoked or in any way modified. The frame of the bill and the argument in its support rest upon the assumption that this decree stands in full force. Finally, it is alleged that "this bill is brought

for the purpose of disclosing said fraud to this court, and securing protection from further acts of fraud" by the defendants against said estate and to secure appropriate remedies against the defendants and the return to said estate "of said 1,000 shares of common stock, or the value of said stock of which said estate has been defrauded; also the payment of damages to said estate, and" the plaintiff "resulting from said conspiracy and fraud." There are prayers for an adjudication that the defendants have conspired to and have perpetrated the several frauds alleged, for relief against the several defendants, for removal of the defendant trust company as special administrator, executor and trustee, and for general relief.

One ground of demurrer is that upon the allegations of the bill a court of equity has no jurisdiction because the suit is a collateral attack upon a decree of a probate court.

The outstanding features of the bill are allegations of a sale of definite shares of stock in a corporation belonging to the estate of the testator, which sale was specifically authorized as to price and purchasers by decree of the Probate Court procured by fraud practised upon that court by the defendants, all to the loss of the estate and thereby loss to the plaintiff, the relief sought being the return of the shares of stock or the payment of damages.

The essential question is whether a court of equity will in substance vacate and declare void this decree of a probate court for the reasons alleged in the bill and already summarized.

The probate courts of this Commonwealth are courts of superior and general jurisdiction. Like presumptions must be made in favor of the proceedings of those courts as are made in favor of proceedings of other courts of superior and general jurisdiction, G. L. c. 215, § 2, except as to adjudications touching the fact of death as provided in G. L. c. 192, § 3. It is a general principle of practice under our jurisprudence that a decree of a probate court cannot be attacked in any collateral proceeding. It was said in *Tobin* v. *Larkin*, 187 Mass. 279, 282, "A decree of the Probate Court within its jurisdiction is good unless it is set aside, and it cannot be

attacked collaterally. *Gale* v. *Nickerson,* 144 Mass. 415. *Tucker* v. *Fisk,* 154 Mass. 574. *Harris* v. *Starkey,* 176 Mass. 445. *McCooey* v. *New York, New Haven, & Hartford Railroad,* 182 Mass. 205." That case in its facts bears points of resemblance to the case at bar. That is the doctrine of all our decisions for many years. In *Sever* v. *Russell,* 4 Cush. 513, the parties were not permitted to show that an executor's account was in fact fraudulent. In *Waters* v. *Stickney,* 12 Allen, 1, 3, is found this statement: "Decrees of probate courts in matters of probate, within the authority conferred upon them by law, are conclusive upon the courts of common law, and cannot be reversed by writ of error or *certiorari.* . . . Nor can they be set aside in equity, even for fraud." This principle is too thoroughly settled to require further quotations from adjudicated cases. Authoritative decisions in support of it are numerous. *Jennison* v. *Hapgood,* 7 Pick. 1, 7. *McClees* v. *Burt,* 5 Met. 198, 200. *Sever* v. *Russell, supra. Allen* v. *Trustees of Ashley School Fund,* 102 Mass. 262. *Sprague* v. *West,* 127 Mass. 471. *Foster* v. *Foster,* 134 Mass. 120. *Engstrom* v. *Sherburne,* 137 Mass. 153, 155. *Green* v. *Gaskill,* 175 Mass. 265. *Connors* v. *Cunard Steamship Co. Ltd.* 204 Mass. 310. *Dallinger* v. *Morse,* 208 Mass. 501. *Allen* v. *Hunt,* 213 Mass. 276, 279. *Taylor* v. *Badger,* 226 Mass. 258. *Joyce* v. *Thompson,* 229 Mass. 106. *Woodard* v. *Snow,* 233 Mass. 267. *Hanscom* v. *Malden & Melrose Gas Light Co.* 234 Mass. 374. *Hutchinson* v. *Blanchard,* 247 Mass. 288. *Fidelity & Casualty Co. of New York* v. *Huse & Carleton, Inc.* 254 Mass. 359. There is nothing contrary to this great current of decisions in *Wilder* v. *Orcutt,* 257 Mass. 100. The general principle that the decree of a probate court cannot be attacked collaterally is there recognized and affirmed. That was a suit by a creditor of one of the defendants to reach and apply property held by the other defendant on a secret trust for the benefit of the debtor and acquired by fraud upon the Probate Court in the settlement of an estate in which the plaintiff was in no way interested. That creditor had no standing to seek relief in the Probate Court and its decree was in no way attacked.

Equity courts will not examine decrees of probate courts

even though fraud in their procurement is alleged. The instances where decrees of a probate court will not be accepted as final by equity courts are when the defect in jurisdiction or other fatal error appears affirmatively upon the record of that court, *Jochumsen* v. *Suffolk Savings Bank,* 3 Allen, 87, *Anderson* v. *Qualey,* 216 Mass. 106, *Pierce* v. *Prescott,* 128 Mass. 140.

This aspect of the case at bar is precisely governed by *Crocker* v. *Crocker,* 198 Mass. 401, a leading case, which was a petition in equity for leave to file a bill of review to set aside a decree of the Supreme Court of Probate on the ground of bribery by one of the parties of a juror in the original probate proceeding. A more flagrant fraud on a court hardly can be imagined than the bribery of a juror. Yet that petition was dismissed for the reason that whatever relief was due must be sought in the Probate Court. The point there was discussed at large and the earlier decisions reviewed. Nothing further remains to be said on that point. Whatever remedy may be open to the plaintiff must be sought in the Probate Court and not in a court of equity. Jurisdiction in this respect is inherent in the Probate Court. *Waters* v. *Stickney,* 12 Allen, 1. *Cleveland* v. *Quilty,* 128 Mass. 578. *Child* v. *Clark,* 231 Mass. 3, 6. See in this connection *Zeitlin* v. *Zeitlin,* 202 Mass. 205; *Nesson* v. *Gilson,* 224 Mass. 212; *Renwick* v. *Macomber,* 233 Mass. 530. *Fuller* v. *Fuller, ante,* 82, 85.

The plaintiff seeks to maintain her case on the allegations of conspiracy to defraud. But the essential averments of the bill rest upon fraud. The insertion of charges of conspiracy does not change the nature of the suit nor add anything to its legal force and effect. The gist of the plaintiff's bill is not conspiracy but the actionable wrong committed by tortious acts of the defendants and the resulting damage. The effect of the charge of conspiracy is to fix a joint liability on the defendants. The allegation of conspiracy alone does not show ground for independent relief in equity. *Parker* v. *Huntington,* 2 Gray, 124, 127. *Randall* v. *Hazelton,* 12 Allen, 412, 414. *May* v. *Wood,* 172 Mass. 11. *Gurney* v. *Tenney,* 197 Mass. 457, 465. *New England Foundation Co.* v. *Reed,* 209 Mass. 556, 560. *Holden* v. *J. Stevens Arms Co.*

230 Mass. 266, 268. *Lawrence Trust Co.* v. *Sun-American Publishing Co.* 245 Mass. 262, 266. The case at bar on this point is distinguishable from *Sampson* v. *Sampson*, 223 Mass. 451, *Keyes* v. *Brackett*, 187 Mass. 306, *Raynes* v. *Sharp*, 238 Mass. 20, and *Willett* v. *Herrick*, 242 Mass. 471, upon which the plaintiff relies.

The plaintiff contends that the allegations of her bill show that there was no compliance with the order of the court as to notice to her on the petition for authority to sell the stock. It is plain that the subject matter of that petition was within the jurisdiction of the Probate Court. The administration of the estate of the testator was rightly before the Probate Court. The will had been filed. The trust company had been appointed special administrator of the estate pending delay in the allowance of the will. The power to authorize the sale of the stock by the special administrator upon such notice as the court considers reasonable is expressly conferred upon probate courts by G. L. c. 193, § 12. The order of notice on the allegations of the bill was within the jurisdiction thus conferred.

The allegations of the bill which have already been recited do not go to the extent of charging that there was no compliance with the order of notice issued by the Probate Court. They go no further than to state that the defendants in failing to notify the plaintiff gave her no actual notice and that the plaintiff, in that she did not "receive notice," did not learn of the proposed sale. These allegations are not the equivalent of a charge that the notice as ordered by the court was not given. It is not alleged that the copy of the citation was not seasonably mailed, postage prepaid, to the plaintiff at her proper address. *Chase* v. *Surry*, 88 Maine, 468. *Castner* v. *Farmers' Mutual Fire Ins. Co.* 50 Mich. 273. *Vinton* v. *Builders & Manufacturers Association*, 109 Ind. 351. Whether the plaintiff received the notice mailed is not of consequence. *Renwick* v. *Macomber*, 233 Mass. 530, 532.

There are decisions to the effect that a decree or judgment may be set aside when the jurisdiction of the court has been obtained by fraud. *Edson* v. *Edson*, 108 Mass. 590. *Tucker* v. *Fisk*, 154 Mass. 574, 578. *Wiley* v. *Wiley*, 161 Mass. 446.

*Brooks* v. *Twitchell,* 182 Mass. 443.  *Sampson* v. *Sampson,* *supra,* pages 461, 462.  These decisions, however, do not involve a collateral attack upon a decree but relate to proceedings in the same court where the order or decree was entered.  They confirm the conclusion that the plaintiff must seek relief in the Probate Court for whatever wrong she may have suffered.

Another ground of demurrer is that the bill is multifarious. The averments of the bill pertinent to that ground of demurrer are that in paragraphs 12–26 and 29–33, all inclusive, of the bill are set forth frauds alleged to have been committed by some of the defendants upon the estate of John K. M. L. Farquhar.  These allegations, in a general way, are similar in nature to those respecting the estate of the testator, James F. M. Farquhar.  No relief is sought for these alleged frauds, because it is not alleged that the plaintiff was in any wise interested in the estate of said John. The defendant trust company and numerous other defendants who joined in its demurrer are not alleged to have participated in any of those frauds on the estate of John K. M. L. Farquhar.  The persons injured by those frauds are not parties to this bill and are not seeking relief therefor. No facts are set out which show that the frauds upon the estate of John contributed to the consummation of the frauds upon the estate of James.  There is no inflexible rule by which to determine whether a bill in equity is multifarious. The question must be determined largely by the circumstances of each case.  *Bliss* v. *Parks,* 175 Mass. 539, 543. We think the case at bar goes beyond reasonable limits in point of parties and allegations.  Some of the parties defendant are brought into court with respect to matters with which they have no connection and with respect to which the plaintiff seeks no relief.  It falls within the class of cases illustrated by *Keith* v. *Keith,* 143 Mass. 262, *Spear* v. *H. V. Greene Co.* 246 Mass. 259, and cases there reviewed, and *Campbell* v. *Mackay,* 1 Myl. & Cr. 603, 618.

*Order for interlocutory decree sustaining demurrers affirmed.*