Hibbard, P. J.
This is an action of replevin brought to recover the following property, namely: Westinghouse Refrigerator, Easy Washing Machine, Electric Vacuum Cleaner, Electric Clock, Electric Iron, Electric Grill, and Electric Percolator.
The answer is a general denial with an allegation that the defendant was the lawful owner and in rightful possession of said goods.
The report states there was evidence tending to show that the refrigerator and washing machine were purchased some five or six years before the beginning of the action by the plaintiff’s husband, Harry R. Henderson, from his own funds and while they were living together as husband and wife. Subsequently this property was used in the household of the plaintiff and for months following the husband’s departure from the house shortly before divorce proceedings were begun.
*46 With respect to the other specific articles, .the plaintiff testified that the vacuum cleaner was hers by gift from her husband but on cross-examination said that her husband told her “I am making a gift of this to you.” There was no other person or persons present at the time of this conversation. There was evidence as to the ownership of the electric iron to the effect that the said Harry E. Henderson had given it to his Avife and that no other person was present when he was alleged to have made such a gift. To this testimony as to the ownership of these articles, there was objection and the defendant duly excepted and claimed a report.
The plaintiff further testified that the articles which are the subject matter of the suit excepting the clock and percolator were gifts to her by her husband and that at the time he purchased the refrigerator and washing machine, he said to her “I am buying these things for you.” There was no evidence that any other person was present and heard this talk except that when the refrigerator and washing machine were purchased, there was a salesman in the immediate vicinity who could have heard the conversation but who later testified he did not hear it. To the admission of this evidence, the defendant objected and seasonably claimed a report.
The report contains the following sentence “There was sufficient evidence to warrant a finding by the Court that the plaintiff had title to the electric clock and the electric grill. The only evidence relating to the electric percolator was testimony by the plaintiff that it was a wedding gift to her and the said Harry E. Henderson by a sister of the latter.” To this evidence the defendant excepted and claimed a report.
On January 3, 1945, a decree nisi was entered on a libel for divorce brought by the plaintiff against the said Harry E. Henderson by the Probate Court for Worcester County.
*47 On January 18, 1945, the said Harry R. Henderson entered the premises at 715 Westminster Street, Fitchburg, Massachusetts, which premises had been rented to him and the rent for which was paid by him. Thereupon he removed therefrom the goods above specifically set forth. At the time the premises were occupied by the plaintiff and her daughter but who were not at home when the goods were removed, had no knowledge that such action was to he taken and had never given any consent to the same.
On January 20, 1945, the said Harry R. Henderson purported to sell and deliver said goods to the defendant for the sum of $175, giving to her a receipt as evidence of the sale.
On January 24, 1945, a bill in equity was filed by the plaintiff against the said Harry R. Henderson in the Probate Court for Worcester County in which the plaintiff claimed ownership of the goods involved in the case and asked for their return. The Probate Court entered a decree to the effect that the goods were the property of the plaintiff and not of the said Harry R. Henderson. The defendant was not a party to any of these proceedings.
At the trial in the court of origin, a certified copy of said bill in equity, the answer and the decree were admitted in evidence over the objection of the defendant, the court ruling that the proceedings were in rem and hot in personam and accordingly admitted copies of said proceedings in evidence. The Court not only admitted the copies but found them binding as against the defendant. The finding ordered the return of the goods.
On May 2, 1945, the plaintiff filed a contempt petition in said Probate Court against the said Harry R. Henderson for failure to obey the decree of the Probate Court bearing date April'S, 1945. Evidence as to this proceeding was admitted by the Trial Court over the objection of the defendant. Due request for a report as to the admission of the *48 bill in equity and the proceedings thereunder as well as to the evidence as to the contempt petition was made.
There was evidence that in open court before the Judge of the Probate Court who was hearing the contempt proceedings, the defendant agreed to surrender the articles in question to the plaintiff upon the repayment to her of $175, which she alleged she had paid to the said Harry R Henderson; that said sum was placed in escrow but the agreement was not carried out and the said Harry R Henderson was subsequently adjudged in contempt and committed to the Worcester County jail. Objection was formally made to the admission of the evidence with respect to such agreement and commitment.
With respect to the specific articles, the plaintiff testified that the vacuum cleaner was hers by gift from her husband but on cross-examination said that her husband told her “I am making a gift of this to you.” There was no other person or persons present at the time of this conversation. There was evidence as to the ownership of the electric iron to the effect that the said Harry R Henderson had given it to his wife and that no other person was present when he was alleged to have made such a gift. To this testimony as to the ownership of these articles, there was objection and the defendant duly excepted and claimed a report.
The plaintiff further testified that the articles which are the subject matter of the suit excepting the clock and percolator were gifts to her by her husband and that at the time he purchased the refrigerator and washing machine, he said to her “I am buying these things for you.”
“5. A judgment in a former action by the plaintiff against a third person establishing her title to certain property is not admissible in evidence against the defendant, who was not a party or privy to the former action. Wing vs. Bishop, 3 Allen 456. 6. As a matter of law the defendant was not a party or privy to the for *49 mer action, brought by the plaintiff against her husband in the Probate Court for Worcester County to establish title to certain property. Restatement of the Law, Judgments, Section 89'; American Jurisprudence, Judgments, Sections 220, and 226; Chase National Bank vs. Norwalk, 291 U. S. 431. 7. As a matter of law the evidence warrants a finding that the defendant purchased the replevied goods before the commencement of the former action by the plaintiff against her husband in the Probate Court for Worcester County to establish title to said goods. 8. A person to whom a party to an action has made a transfer of property before the commencement of the action is not regarded as in privity with the transferor in a, subsequent action. American Jurisprudence, Judgments, Section 226; Chase National Bank vs. Norwalk, 291 U. S. 431; Postal Tel. Cable Co. vs. Newport, 247 U. S. 464; Ewell vs. Daggs, 108 U. S. 143. 9. A purchaser of property before the commencement of an action concerning said property against the seller is not affected by any judgment entered in said action.”
Of these the Court allowed those numbered 1, 7 and 9 and denied those numbered 2 to 6" inclusive and 8.
The plaintiff seasonably filed certain requests for rulings, all of which were granted and were as follows: .
“1. According to the evidence, the law and the evidence, and the weight of the evidence, the plaintiff is entitled to- a finding in her favor. 2. The defendant acquired no better title to the goods in question than was had by Harry R. Henderson. 3. If Harry R. Henderson had no title to the goods in question, no title was acquired from him by the defendant. 4. As between Harry R. Henderson and the plaintiff, the decree of the Worcester County Probate Court dated April 5, 1945, in Probate Number 12130, is res adjudicata that the absolute title to the goods in question vests in the plaintiff. 5. According to the decree of the Worcester County Probate Court dated April 5, 1945, in Probate Case Number 12130, the said Harry R. Henderson never had a title to the goods in question and therefore could pass no title thereto. 6. The *50 possession of the goods in question acquired by the defendant and the payment by her of a money consideration therefore to the said Harry E. Henderson did not deprive the plaintiff of her title to- said goods. 7. Even if the' defendant was a purchaser in good faith from said Harry E. Henderson, she acquired no better title from him than he had. 8. If Harry E. Henderson had no title to the goods in-question the defendant acquired no title thereto even though she acted in good faith in attempting to- purchase the same from him. 9. The decree of the Worcester County Probate Court, dated April 5, 1945, in Probate Case Number 12130, is a judgment in rem and is binding on all the world and is conclusive upon the facts which are made the grounds of the judgment when those facts are again brought in question in ulterior or collateral proceedings. Hopkins v. Holcombe et al., 308 Mass. Page 54. 10. This Court must take judicial notice of the decree of the Worcester County Probate Court dated April 5, 1945, in Probate Court Number 12130, and insofar as said decree establishes title to the goods in question in the plaintiff, the parties hereto and the Court are bound thereby.”
The finding of the Court was for the plaintiff and damages in the sum of One dollar were assessed.
The report contains the following:
“This report contains all the evidence material to the questions reported . . .
“ The defendant, claiming to be aggrieved by the rulings admitting in evidence certified copies .of the Bill in Equity, the Answer, and the Decree rendered thereon, the rulings admitting in evidence the testimony of what the witnesses and the Judge of Probate said at the hearing of the contempt petition, the testimony of the plaintiff as to the conversation had between herself and the said Harry E. Henderson at the time the articles were purchased, the testimony of the plaintiff as to the .conversation and statement made by the said Harry E. Henderson at the time he is alleged to_ have made a gift of these various articles to the plaintiff, the testimony of the plaintiff as to the conversation *51 and statement made by Harry B. Henderson at the time the said Harry E. Henderson purchased the refrigerator and washing machine and is alleged to have made a gift of them to her, and by the ruling denying the defendant’s requests numbered 2, 3, 4, 5, 6 and 8,1 hereby report the same to the Appellate Division for determination.”
The Trial Court filed a decision, the material part of which follows:
“Upon all the evidence, I make the following findings herein. I find that on January 3, 1945, a decree nisi was entered on a divorce libel brought by Catherine I. Henderson vs. Harry B. Henderson. Previous to the entry of the decree for divorce, Catherine I. Henderson occupied premises at #715 Westminster Street, Fitchburg, Massachusetts, which premises were owned by Crocker Burbank & Co. Assn., and which premises had been rented by Harry E. Henderson, and the rent for which was paid by Harry E. Henderson.
“On January 18, 1945, at which time the premises at #715 Westminster Street were occupied by the plaintiff herein, Harry E. Henderson entered the premises and removed therefrom the goods which are the subject matter of this action.
“On January 20,1945, Harry B. Henderson purported to sell said goods to Betty M. Thomas, the defendant herein, for the sum of one Hundred seventy-five Dollars and gave a receipt to said Betty M. Thomas as evidence of the sale.
“On January 22nd, 1945, a Bill in Equity was filed by the plaintiff herein ag'ainsf Harry B. Henderson, in which the plaintiff claimed the ownership of the goods involved in this case and asked for their return.
“On April 5, 1945, after a hearing on the Bill in Equity above referred to, the Worcester County Probate Court — Case 12130 — made a decree to the effect that the goods which are the subject matter of this case were the property of the plaintiff and were not the property of Harry E. Henderson.
‘ ‘ Copies of the Bill in Equity and the decree rendered thereon were offered in evidence over the objection of the defendant and were received by the Court de dene.
*52 “I now rule that the decree establishing title to the goods -in the plaintiff was a decree in rem and as such the copies were admissible in evidence, even against Betty M. Thomas who was not a party to the original proceedings' and who had purported to purchase the property before -the bringing of the Bill in Equity.
“Apart and aside from the decree rendered by the Probate Court establishing title to the property in the plaintiff and based solely upon the evidence given by witnesses at- the hearing held before me, I find that title to the goods in question belonged to the plaintiff at the time of the purported sale by Harry B. Henderson to the defendant and that the purported sale to the defendant passed no title to her.
“Because of certain matters appearing in the testimony and in argument and realizing that a finding on the same is not necessary to this decision, I find that all of the parties to this action and their counsel acted in good faith in what they did.
“My action upon the Bequests for Bulings filed by the parties is as follows: “Plaintiff’s Bequests — Bequests numbered 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 are allowed. “Defendant’s Bequests — Bequests numbered 1, 7 and 9 are allowed. Bequests numbered 2, 3, 4, 5, 6 and 8 are denied.
1 ‘ If the decree of the Probate Court were considered by this Court as a decree in personam — requests numbered 4, 5, 6 and 8 would be allowed, but the decree oí the Probate Court is looked upon by this Court as a decree in rem. Wilder vs. Orcutt et al., 257 Mass. 100; Fitzwilliam Co. Inc. vs. Commonwealth of Massachusetts, 258 Mass. 103.
“I find for the plaintiff and assess nominal damages in the'sum of one dollar.”
It is obvious that the decree of the Probate Court is- res adjudicata, the copies of the Probate papers were admissible and the finding for the plaintiff was correct. The case of Wilder v. Orcutt, 257 Mass. 100 supports the Trial Court’s statement that the Bill in Equity in the Probate Court was- a proceeding in rem.
*53 In Fitzwilliam Company, Inc. v. Commonwealth, 258 Mass. 103, at page 107, it is stated
“It is the essence of a proceeding in rem that it may be instituted and carried to judgment without personal service upon a claimant within the state or notice by name to those outside of it and not encounter any provision of either constitution (United States or this Commonwealth). Jurisdiction is secured by the power of the court over the res.”
The Court further added: “It follows that the circumstances-, that the plaintiff was the owner and had personally committed no wrong and did not know of the forfeiture proceedings do not entitle the plaintiff to prevail.”
The fact that the defendant in the present action was not a party in the proceedings in the Probate Court does not make the admission of the copies inadmissible.
The decree of the Probate Court makes no reference to the electric grill (toaster). The finding by the Trial Court “based solely upon the evidence given by witnesses at the hearing held before me” establishes as a fact that the title to this toaster was in the plaintiff. While this ¡evidence is not quoted in the report in extenso, it is apparent that the Trial Court was satisfied and it is not for this tribunal to change the decision unless it is clearly wrong.
The plaintiff’s requested rulings- numbered 2 and 3 were properly denied. Questions of fact were involved and it could not be -said as a matter of law that the plaintiff had not sustained the burden of proof or that there should be a finding for the defendant. These are conclusions which the Trial Court could not properly give to himself. As the equity proceedings were in rem, the Trial Court was right in denying the 4th, 5th, 6th and 8th requests.
The report is to be dismissed, no prejudicial error having been found.